## AMERICAN SALES BOOK CO., LIMITED, v. ATLANTIC REGISTER CO.

District Court, S. D. New York.

May 29, 1934.

Duell, Dunn & Anderson, of New York City (Charles Neave and David S. Kane, both of New York City, of counsel), for plaintiff.

Harry A. English, of New York City, for defendant.

PATTERSON, District Judge.

The motion is by the defendant to quash service of process upon it in a patent infringement suit, on the ground of lack of jurisdiction over it.

Suits for patent infringement may be brought "in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business." Judicial Code § 48, 28 U.S.C.A. § 109. The defendant being a Massachusetts corporation and therefore not an inhabitant of this district, it is subject to suit here only if it has committed acts of alleged infringement here and also maintains a regular and established place of business here.

The defendant makes and sells sales slips, known in the trade as "continuous forms," for use in business systems. Its factory and principal office are at Watertown, Mass. Certain activities are carried on from an office at 35 West 45th street, New York City. The New York telephone directory lists the defendant at that address, and the directory in the lobby of the building also carries the defendant's name. On the door of the office is a sign reading "C. W. Potter, Inc., operating Atlantic Register Co., Waltham Sales Book Co." Within the office is a considerable quantity of the sales slips which the defendant makes and sells. The office is in charge of one Lewis, a salesman employed by the defendant on a commission basis. Lewis has other salesmen under his direction who use the office as headquarters. The defend-

ant pays a portion of the rent of this office.

In the usual course of business, orders for the goods are solicited here and forwarded to the home office for acceptance, and in due course the goods are shipped from the factory. These slips bear the customer's name in print. Occasionally, however, when the customer is in a hurry and cannot wait for the printing, sales are made over the counter at the New York office from the stock of blank slips kept there. It sometimes happens also that writing devices purchased by customers are delivered to them by the New York office.

It also appears that business cards on hand in the New York office carry the defendant's name and give as the address both Watertown and 35 West 45th street; that some of the sales slips sold by the defendant to customers here have printed at the bottom in small type, "Atlantic Register Co., New York and Watertown, Mass."; and that in an invoice covering the sale of goods the defendant stated that delivery had been made "by our Mr. Lewis of New York office."

First, as to the commission of acts of infringement in the district. In most cases orders from customers here are accepted in Massachusetts and goods are shipped there direct to the customers. The sales in such cases do not take place in this district and any infringement by the defendant is foreign to us. Westinghouse Electric & Mfg. Co. v. Stanley Electric Mfg. Co., 116 F. 641 (C.C.N.Y.); United Autographic Register Co. v. Egry Register Co., 219 F. 637 (D.C.Ill.). But sometimes sales of the forms said to infringe the plaintiff's patent are made at the defendant's New York office. There is direct proof of one such sale made after commencement of the suit, and the defendant's papers in reply concede that "occasionally, to accommodate a customer who is in need of sales slips and who cannot wait to have his name printed on them, he (Lewis) will let him have some blank slips on which he can stamp his name and place of business." The fact that these sales were infrequent and out of due course does not make them any the less infringements. Chadeloid Chemical Co. v. Chicago Wood Finishing Co., 180 F. 770 (C.C.N.Y.). There is then proof of acts of alleged infringement within the district.

Second, as to "a regular and established place of business" here. There is an office in this city which has the defendant's name on the door. The telephone directory, the building directory, and the defendant's business cards tell any inquirer that this place is the defendant's place of business. Salesmen work there; the defendant pays part of the rent. The sales slips which it sells give its address as New York and Watertown, Mass., and in an invoice sent out to a customer it refers to its "New York office." I dare say that a business man reading the statute but unacquainted by court decisions construing it would not hesitate to say that this office was "a regular and established place of business" maintained and held out as such by the Atlantic Register Company. But the cases have made it the settled rule that the maintenance of an office by a foreign corporation for use of its employees in soliciting business, however long continued and however broadly advertised as its office, does not amount to a "regular and established place of business" within the meaning of this act. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808; Hoegger v. F. H. Lawson & Co., 35 F.(2d) 219 (D.C.N.Y.); Elevator Supplies Co. v. Wagner Mfg. Co., 54 F.(2d) 937 (D.C.N.Y.) affirmed (C. C.A.) 54 F.(2d) 939; Beidler v. Photostat Corporation, decided by this court October 25, 1932, and unreported. If this were all that was done at the defendant's office here, I would be obliged, in deference to authority, to hold that there was no regular and established place of business in the district.

The office here was used for more than mere soliciting of sales. The defendant kept a stock of goods in it for demonstration purposes. Occasional sales from this stock were made at the office. At least one delivery of a writing device was made from the office. These additional activities indicate that to a certain extent the office was used as a place for making sales and deliveries, and, taken with the facts already narrated, are sufficient to make the office a regular and established place of business in the statutory sense. Chadeloid Chemical Co. v. Chicago Wood Finishing Co., supra; Davis v. Motive Parts Corporation, 16 F.(2d) 148 (D.C.N.Y.); Scott & Williams, Inc., v. Hemphill Co., 14 F. Supp. 621, decided by this court July 30, 1931.

The motion to vacate service of process will therefore be denied.