**PATENT ROYALTIES CORPORATION et al.**
**v. LAND O'LAKES CREAMERIES,**
Inc., et al.
No. E–7569.

District Court, E. D. New York.
June 12, 1935.

Stephen J. Cox and Charles W. Hull, both of New York City (Charles Neave, of New York City, of counsel), for plaintiffs.

. Blair, Curtis & Dunne, of New York City (Robert S. Blair and William T. Kniesner, both of New York City, of counsel), for defendant Land O'Lakes Creameries, Inc.

BYERS, District Judge.

Motion to dismiss a patent infringement suit for lack of jurisdiction, by the only defendant who was served with process.

That defendant, Land O'Lakes Creameries, Inc., is a Minnesota corporation which in that state acquires dairy products, which it there packs or wraps, and sends to various branches for sale. It has qualified itself to conduct business in the state of New York. In this district, it maintains two places of business, having telephones listed under its name, at 184 South Elliott Place, Brooklyn, and 9302 151st Street, Jamaica. There is a store on the street level at each address, operated by this defendant, with offices above that level. At each address there is a display sign, carrying this defendant's name. A stock of merchandise is carried in each store, of the value of several thousands of dollars, and sales from those stocks are made to retail dealers.

One such sale on April 4, 1935, is presented by the motion papers; i. e., of two cases of eggs, for cash, and is evidenced by a sales slip having this defendant's name and address at the top, and, at the bottom, "Branch Office" (printed) and "184 South Elliott Pl. Brooklyn" (written).

■ The sale was made in this district, and not at the Minneapolis office. It was a completed transaction here. Chicago Pneumatic Tool Co. v. Philadelphia Pneumatic Tool Co. (C. C.) 118 F. 852.

■ The places of business of the defendant here are operated and maintained as places where the defendant sells its dairy products to retail dealers, and such places therefore are "regular and established place[s] of business" within this district. Title 28 U. S. C. § 109 (28 USCA § 109).

■ The defendant argues that, since the dairy products are purchased in Minnesota, it is in that state alone that it is transacting its established business. If that were so, no manufacturing company, for instance, could be sued for patent infringement outside of its home state, although it might maintain several branch establishments at which sales of its products were made. The statute does not require that the whole of a company's business must be duplicated in order that jurisdiction may obtain in a place other than that of habitation.

Obviously part of this defendant's business is to sell dairy products, and, so long as it does that in a regular and established place, exterior to the district of which it is an inhabitant, that is sufficient, without a showing that it there both purchases and sells its stock in trade.

The plaintiffs claim under U. S. Letters Patent Nos. 1,429,207 and 1,445,780, covering devices called "flats," used in packing eggs so as to preserve them free from injury during transportation and handling.

The two cases of eggs which were the subject of the sale which has been recited, were packed in devices alleged to infringe the said patents.

The bill avers that the infringing devices were made and sold by the defendant Keyes Fibre Company, and purchased by the defendant Land O'Lakes Creameries, Inc., and that the said devices were purchased, used, distributed and sold by the latter defendant in this district.

■ The motion papers fail to disclose purchase here, but that of course is unnecessary. They do disclose sale and use in this district.

■ The use is not disputed, nor could it be under the showing of the said sale. Whether there was a sale of the alleged infringing devices as such, is the subject of discussion in the said defendant's brief.

The said sale was of eggs packed or cased in the devices in question. There is no contention that title to the structures holding the eggs did not pass to the purchaser; consequently it is not necessary to indulge in any refinement of reasoning on the subject. What took place was the sale of eggs packed in the "flats" said to infringe, and this was a use thereof sufficient to support the action. It is not necessary to inquire whether the selling price of the commodity was so computed as to cover the cost of the flats, or whether it was regulated by competition.

If this defendant's accounting system were to be analyzed, it is to be supposed that the item of profits would not be reached until all selling costs had been covered. Doubtless that process would reveal

that this sale of two cases of eggs included all that was commercially necessary to induce the customer to take delivery, i. e., the eggs, and whatever held them in a safe and convenient package.

**Motion denied. Settle order.**