**COLE v. STONHARD CO. et al.**
Civ. No. 4217.

United States District Court
N. D. New York.
July 11, 1952.

Filley & Decatur, Troy, for plaintiff.

Bliss & Bouck, Albany, N. Y., Earl H. Gallup, Jr., Albany, N. Y., of counsel, for defendant Stonhard Co.

FOLEY, District Judge.

This action is for breach of warranty and breach of contract. The defendant Stonhard Company moves to dismiss the action as to it upon the ground that as a foreign corporation it is not subject to process within the State of New York, or, in the alternative, even if it be determined that it was amenable to such process, the return of the service of process should be quashed as not being served upon an authorized agent as set forth in the provi-

sions of Rule 4(d)(3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. and Section 229(3) of the New York Civil Practice Act. A serious question involving the delivery of the summons and complaint to the wife of the sales agent or representative of the Stonhard Company has been waived and withdrawn by the express stipulation of the attorneys for that defendant corporation with the attorneys for the plaintiff.

The first part of the motion presents the thorny problem whether or not the Stonhard Company, a Pennsylvania Corporation, is "doing business" within the State of New York in such manner and extent as to warrant the reasonable conclusion of its "presence" to render it subject to process. It is mainly a factual problem, and the oft-expressed principle in such situations that "each case stands upon its own facts," gives warning that the problem cannot be easily determined by the application of a legal slide rule. However, if this first proposition is determined adversely to the plaintiff, it shall obviate the necessity of discussing and deciding the alternative part of the motion.

The facts are presented by the affidavits of J. P. Lindsay, Treasurer of the Stonhard Company; Harold J. Radley, its sales representative, residing in Delmar, New York, and in opposition, the affidavit of one of the attorneys for the plaintiff, based upon his examination and investigation of the material facts concerning the business activity of Stonhard in New York.

These material facts may be said to be undisputed. Stonhard is incorporated under the laws of Pennsylvania. It is engaged in the business of manufacturing certain building materials, and such materials are shipped from the seat of its operations in Philadephia upon the memorandum order of the customer, which is by its terms specifically subject to approval at Philadelphia. The company owns no real estate or personalty and maintains no stock of goods in the State of New York, and has never paid any type of business, franchise or occupancy tax in the State of New York. None of its officers reside or have offices in New York, nor does it maintain any bank account here. Harold J. Radley is a sales representative in the State of New York and is so held out by stamping his name, address and telephone number upon advertising circulars apparently mailed by the company to prospects in his territory. Radley's territory covers the counties of Albany, Rensselaer, Greene, Columbia, Schoharie, Delaware, Montgomery, Schenectady and Fulton, several other counties in Northern New York, and three counties in the State of Massachusetts. He works solely on commission and is not paid for travel. He receives orders and mails them to Philadelphia for approval. Radley drives his own automobile, has no office, and works from his home in Delmar, New York, which contains no name of Stonhard, nor is there any telephone listing of the company connecting it with Radley, and Radley's listing is personal and private. He is positive in his affidavit that his sole duty is to forward orders to the company in Philadelphia. He is not authorized to receive any moneys in behalf of the company and even swears he has no access to the stationery of the company.

Stonhard does have an office in New York City. This office is used by the sales representatives in that area. The door of the office is kept locked and there is no employee of the company permanently stationed there. No samples or materials are kept there and no business is carried on at any time with customers at such office.

■ I cannot find any support for the conclusion of the plaintiff by his attorney that the Stonhard Company furnishes a representative to supervise the actual application of its product to the real estate of its customer, and that it did so in this particular transaction with the plaintiff. It is met by flat denial and I do not so find.

■ Likewise, I cannot reasonably conclude from the letter of June 14, 1951

510

(Plf's. Ex. C) that Radley had the power to negotiate and discuss the settlement of claims, or that he did so in this instance. The letter to me indicates, as urged by the defendant corporation, that in such disputes a representative was sent on from Philadelphia to adjust such matters. If Radley had any such authorization or discretion, he obviously would have acted on his own.

 I fully realize the liberal approach to these situations since the decision in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and I am ordinarily attracted to such liberality as contrasted to narrow constructions. However, Judge Learned Hand writing in Bomze v. Nardis Sportswear, 2 Cir., 165 F.2d 33, 36, stated, "We hesitate to say that the New York courts will occupy the new enclave, now opened to them by International Shoe Co. v. Washington, supra; and, until they do, we see no other course but to compare the facts in the case at bar with those which existed in the bellwether decisions of the state * * *." In my judgment, the facts here will not stand the comparison made in the Bomze authority with the facts in the New York decisions favorable to "presence." Judge Hand also discusses the history of the problem and the new liberality in French v. Gibbs Corporation, 2 Cir., 189 F.2d 787.

The importance of state construction has been recognized. DeSanta v. Nehi Corporation, 2 Cir., 171 F.2d 696; Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193; Kelley v. Delaware, etc., 1 Cir., 170 F.2d 195; Rosenthal v. Frankfort Distillers Corp., 5 Cir., 193 F.2d 137, 141; Doyle v. Southern Pac., D.C., 87 F.Supp. 974, 975; Bomze v. Nardis Sportswear, supra. I therefore lend importance to the fact that in two previous instances the Supreme Court of the State of New York dismissed actions against the defendant corporation on similar jurisdictional and service grounds.

All in all, however, my conclusion is that the defendant corporation activity cannot be accredited that substance of activity which is necessary to subject it to process here. If the Second Circuit Court of Appeals hesitates to say whether New York has adopted the rule of International Shoe it would be presumptuous for me to say so. Under the circumstances, there is a lack of the quality in business activity to reasonably conclude that the defendant corporation is "present." The tests of venue, "substantial business operations", or one of "substantial character," or "substantial part of its main business", are not met here in my judgment. U. S. v. Scophony Corp., 333 U.S. 795, 807, 68 S.Ct. 855, 92 L.Ed. 1091; Holzer v. Dodge Brothers, 233 N.Y. 216, 221, 135 N.E. 268. Although many equities may be with the plaintiff, and the defendant is walking a tightrope of immunity, under the facts here it would be a dangerous door for me to open.

The motion to dismiss is granted. An order may be submitted accordingly.