Joseph A. **THIEL**, Plaintiff,

v.

**ELECTRIC SALES & SUPPLY CO.**, Inc. **and Holub Industries, Inc.,** Defendants.

Civ. A. No. 2698.

United States District Court W. D. South Carolina, Spartanburg Division.

Oct. 8, 1960.

Holcombe & Bomar, Spartanburg, S. C., Alfred W. Petchaft, St. Louis, Mo., for plaintiff.

L. Paul Barnes, Spartanburg, S. C., Mann, Brown & McWilliams, Chicago, Ill., for defendant Holub Industries, Inc.

WYCHE, Chief Judge.

The above case is before me upon motion of the defendant Holub Industries, Inc. (1) to quash the purported service of process upon Holub Industries, Inc., (2) to dismiss the complaint as to Holub Industries, Inc. for lack of jurisdiction, upon the grounds stated in the motion.

This is a patent suit alleging infringement of United States Letters Patent No. 2,885,169.

The defendant Holub Industries, Inc. is a corporation of the State of Illinois, having its principal place of business in that State and has never taken any action to comply with the South Carolina Code of Laws governing foreign corporations doing business within the State of South Carolina. The defendant Holub Industries, Inc. employs a sales agent, the

Bennett Rose Company of Charlotte, North Carolina, to act for it within the State of South Carolina, and to solicit orders within the State of South Carolina, for and on behalf of the defendant Holub Industries, Inc.

The sales agent has solicited such orders and the merchandise accused as an infringement of the aforesaid Letters Patent was sold by Holub Industries, Inc. to its co-defendant Electric Sales and Supply Co., Inc. upon an order taken within the State of South Carolina, by its sales agent.

The merchandise was shipped by Holub Industries, Inc. to its co-defendant Electric Sales and Supply Co., Inc., such merchandise being actually delivered to its co-defendant Electric Sales and Supply Co., Inc. in Spartanburg, South Carolina, and paid for by the co-defendant. The transaction was a contract of sale between Electric Sales and Supply Co., Inc., a corporation of the State of South Carolina, and Holub Industries, Inc., a foreign corporation, which contract involved the taking of payment or valuable consideration under and in performance of such contract.

Service upon Holub Industries, Inc. has been effected by service upon the Secretary of State of South Carolina.

■ This Court has jurisdiction under the Patent Laws of the United States and venue is governed by 28 U.S.C.A. § 1400(b).

■ Inasmuch as the sale of allegedly infringing merchandise by Holub Industries, Inc. is a contract between a foreign corporation and a corporation of the State of South Carolina, involving the payment of valuable consideration, Section 12–703, South Carolina Code of Laws, applies, and by force of such Statute, Holub Industries, Inc. is deemed to be doing business within the State of South Carolina.

■ A foreign corporation doing business within the State of South Carolina is subject to the provisions of Section 12–704, Section 12–721 and Section 12–722, South Carolina Code of Laws.

Section 12–721, South Carolina Code of Laws, requires all foreign corporations doing business within the State of South Carolina to file a written stipulation or declaration designating some place within the State of South Carolina, as its principal place of business in said State at which all legal papers may be served upon such corporation.

■ Section 12–722 establishes the conditions imposed upon foreign corporations failing to comply with the aforesaid Section 12–721, and accordingly Section 12–722 must be construed together with Section 12–721, so as to impose upon foreign corporations failing to comply with Section 12–721 a consistent and equivalent standard of amenability to legal process.

■ The defendant Holub Industries, Inc. having failed to comply with Section 12–721, South Carolina Code of Laws, is subject to the provisions of Section 12–722, South Carolina Code of Laws, and thereunder is deemed to have designated the Secretary of State as its lawful agent for service. A designated agent for service must be regarded as a regular place of business for purposes of venue, otherwise foreign corporations, by wilfully disregarding the South Carolina Code of Laws and by refusing to comply therewith, would be, in effect, rewarded for such non-compliance, and would occupy a favored position as compared with those foreign corporations which had complied with the South Carolina Code of Laws.

It is, therefore, Ordered That the motion to quash and dismiss by the defendant Holub Industries, Inc. be and the same is hereby denied, and that the defendant Holub Industries, Inc. shall have twenty (20) days from the date of this Order in which to file its answer to the complaint.