**Joseph A. THIEL, Plaintiff,**

v.

**ELECTRIC SALES & SUPPLY CO., Inc., and Holub Industries, Inc., Defendants.**

Civ. A. No. 2689.

United States District Court
W. D. South Carolina,
Spartanburg Division.

Dec. 28, 1960.

---

Holcombe & Bomar, Spartanburg, S. C., Alfred W. Petchaft, St. Louis, Mo., for plaintiff.

L. Paul Barnes, Spartanburg, S. C., Mann, Brown & McWilliams, Chicago, Ill., for defendant Holub Industries, Inc.

WYCHE, Chief Judge.

The above case is before me upon motion of the defendant Holub Industries, Inc. to amend my Order of October 8, 1960.

This is a patent suit alleging infringement of United States Letters Patent No. 2,885,169 initially naming Electric Sales & Supply Co., Inc. as defendant. After suit was filed plaintiff was granted leave to amend the complaint adding Holub Industries, Inc. as a party defendant. Holub Industries, Inc. thereupon filed a motion to quash service and dismiss the amended complaint as to it. On October 8, 1960, an Interlocutory Order was entered denying such motion. On October 21, 1960, Holub Industries, Inc. filed a motion to amend the Interlocutory Order of October 8, 1960, by incorporating therein the certifying language set forth in Section 1292(b) of the Interlocutory Appeals Act (Public Law 85–919 amending 28 U.S.C.A. § 1292. September 2, 1958, 85th Congress of the United States).

The legislative history of the Act of September 2, 1958, indicates that Congress intended Section 1292(b) to be used sparingly, and that District Judges should exercise independent judgment in each case and not act routinely. It seems to be the generally accepted view that the provisions of Section 1292(b) of the Interlocutory Appeals Act were intended for use by the Judges rather than as a resort for litigants. It, in effect, requires the District Judge to certify to the Court of Appeals as a matter of his independent judgment that the Interlocutory Order which is thereby rendered appealable involves a controlling question of law and that an immediate appeal will advance the termination of the litigation.

In this case the one defendant Electric Sales & Supply Co., Inc. is a South Carolina corporation having its principal place of business within this district and has made sales within this district of merchandise alleged to be an infringement of the patent in suit. These facts are not disputed by any of the parties and it is clear that the plaintiff is entitled to his day in court against such defendant. Even if such defendant were to confess both the validity of the patent in suit and infringement thereof, the plaintiff still would be entitled, under such circumstances, to an accounting on the issue of damages. Consequently, it is doubtful that an immediate appeal from the Interlocutory Order of October 8, 1960, would materially advance the termination of this litigation. The possibility of advancing the termination of the litigation by allowing an appeal in the present instance is not sufficiently clear that I feel justified in certifying it to the Court of Appeals.

Defendant's motion to amend was filed more than ten days subsequent to the entry of the Interlocutory Order of October 8, 1960. The case of Milbert v. Bison Laboratories, Inc. and The Baltimore and Ohio Railroad Company, 3 Cir., 1958, 260 F.2d 431, involved a situation which was substantially identical with that presented by defendant's motion in the case at bar. The court had entered an Interlocutory Order denying a motion to quash. Thirteen days after entry of the Order, the defendant moved to amend the Order so as to bring it within the terms of Section 1292(b) of the Interlocutory Appeals Act. In denying the motion to amend, the court held that the motion to amend had been filed out of time.

724

It is, therefore, Ordered, That the motion to amend filed on behalf of defendant Holub Industries, Inc. be and the same is hereby denied, and that the defendant Holub Industries, Inc. shall have twenty (20) days from the date of this Order in which to file its answer to the complaint.