Joseph A. THIEL, Plaintiff,

v.

ELECTRIC SALES & SUPPLY CO., Inc., and Holub Industries, Inc., Defendants.

Civ. A. No. 2689.

United States District Court
W. D. South Carolina,
Spartanburg Division.

May 19, 1961.

Holcombe & Bomar, Spartanburg, S. C., Alfred W. Petchaft, St. Louis, Mo., for plaintiff.

L. Paul Barnes, Spartanburg, S. C., Mann, Brown & McWilliams, Chicago, Ill., for Holub Industries, Inc.

WYCHE, Chief Judge.

The original complaint in this case charged that Electric Sales and Supply Company, a South Carolina corporation, with its principal place of business at Spartanburg, South Carolina, had infringed United States Patent No. 2,-885,169 by the sale of electrical conduit holders covered by the patent and manufactured by Holub Industries, Incorporated. Subsequently the complaint was amended and Holub Industries, Incorporated, was added as a party-defendant and process against it was served upon the Secretary of State of South Carolina under a South Carolina statute. Thereafter Holub Industries, Incorporated, appeared specially and moved the court to quash the service of process and to dismiss the complaint as to it on the ground that it does not do any business and has no regular place of business in South Carolina. The motion was denied and Holub Industries, Incorporated, was given twenty days within which to answer the complaint. D.C., 187 F.Supp. 640. Thereafter on October 25, 1960, Holub Industries, Incorporated, moved the court to amend its order so as to permit an appeal therefrom under the Interlocutory Appeals Act, 28 U.S.C.A. § 1292, by inserting the statement that the order involved a question of law as to which there was a substantial difference of opinion and that an immediate appeal would materially advance the ultimate determination of the litigation. I denied this motion on the ground that it was doubtful whether an interlocutory appeal would materially advance the determination of the litigation and upon the further ground that the motion for interlocutory appeal was not filed within ten days after the passage of the order denying Holub Industries, Incorporated's original motion for dismissal. 189 F.Supp. 722.

Having failed to bring the question to the Court of Appeals by interlocutory appeal, Holub Industries, Incorporated, filed a petition in the Court of Appeals for a writ of mandamus based on the contention that under the terms of the patent statute the district court is so patently devoid of jurisdiction over Holub Industries, Incorporated, that the court should be directed to dismiss Holub Industries, Incorporated, as a party-defendant in the case at this time.

After a hearing on the petition of Holub Industries, Incorporated, for writ of mandamus, the Court of Appeals decided, "that the petitioner is entitled to the writ of mandamus prayed for, but the formal writ of mandamus will not issue unless the Court shall hereafter enter order to that effect; and in lieu of the issuance of a formal writ a copy of the opinion of this Court, together with a copy of this order, shall be certified by the Clerk of this Court to" me as United States District Judge for the Western District of South Carolina, to the end that I may be advised of the views of the Court of Appeals in this case.

I have received and read the certified copy of the opinion and order of the Court of Appeals in this case. Holub Industries v. Wyche, 4 Cir., 290 F.2d 852.

After a consideration of the opinion and order of the Court of Appeals in this case, I have concluded that it is my duty to take the action indicated therein.

It is, therefore, ordered, that the motion of Holub Industries, Incorporated, to quash the purported service of process upon it, and its motion to dismiss the complaint as to it for lack of jurisdiction, be and the same are hereby granted.