**BREVEL PRODUCTS CORP., Plaintiff,**

**v.**

**H & B AMERICAN CORPORATION, Seidelhuber Steel Rolling Mill Corp., Big Boy Manufacturing Co. and Masters, Inc., Defendants.**

United States District Court
S. D. New York.
Feb. 28, 1962.

---

Amster & Levy, New York City, Morton Amster, New York City, of counsel, for plaintiff.

Simpson, Thacher & Bartlett, New York City, Robert S. Carlson, New York City, of counsel, for defendants.

DAWSON, District Judge.

This is a motion brought by Big Boy Manufacturing Co., one of the defend-

ants in the above captioned action, to dismiss the complaint as against it pursuant to Rule 12(b) (3) of the Rules of Civil Procedure, 28 U.S.C., on the ground of improper venue. The complaint charges the defendants with patent infringement and prays for injunctive relief as well as for an accounting and damages flowing from the alleged infringement.

The following facts appear without substantial controversy in the affidavits submitted by the parties: Big Boy is a non-corporate division of Seidelhuber Steel Rolling Mill Corp., a co-defendant in this action. Seidelhuber was organized and incorporated in the State of Washington. Several years ago it took over control of Big Boy Manufacturing Co., a California concern engaged in the manufacture and sale of barbecue equipment. Big Boy maintains no manufacturing facilities, offices, warehouses, sales force or office staff in New York. It does, however, solicit sales in New York through a manufacturer's sales representative, Ross-Bornemann Associates, which maintains offices and showrooms at 1140 Broadway, New York City. Ross-Bornemann Associates are not employees of Big Boy but independent contractors working on a commission basis. They act as sales representatives in the New York area for many product manufacturers.

■ The sole provision governing venue in patent infringement cases is 28 U.S.C. § 1400(b). Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). Section 1400(b) states:

> "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

The residence of a corporation under this section refers solely to the state of incorporation. Fourco Glass Co. v. Transmirra Products Corp., supra. Since Seidelhuber is a Washington corporation and Big Boy is a subsidiary thereof, not a corporate entity, venue does not lie under the residence clause of § 1400(b). Venue can be claimed only if Big Boy has "committed acts of infringement and has a regular and established place of business" within this district.

■ The issue before the Court, therefore, in deciding whether venue is properly laid within this district is whether Big Boy has a "regular and established place of business" here.

In order to present its evidence as fully as possible, plaintiff was permitted to take the deposition of Herbert Bornemann, a partner of Ross-Bornemann Associates. On the basis of this testimony and an affidavit submitted by Robert Soman, vice-president of Brevel Products Corp., the plaintiff alleges, and it may be conceded for purposes of this motion, that: Big Boy maintains a New York telephone number; such number is listed in New York directories; Big Boy's name appears on the building directory and portions of the door of the Ross-Bornemann offices; Big Boy sample products are displayed in these offices; Big Boy's 1962 catalog lists 1140 Broadway as its "New York sales and showroom"; Ross-Bornemann arranges for advertising and processes some complaints on behalf of Big Boy.

It further appears from the affidavits on behalf of the moving party that all orders solicited by Ross-Bornemann are forwarded to the Big Boy office in California where they are accepted or rejected on an individual basis. If the order is accepted the merchandise is shipped directly by Big Boy to the purchaser and any credit or financial arrangements are made directly with the California office. Payment is forwarded directly to Big Boy's California office. Big Boy has no salaried employees in the district, Ross-Bornemann being an independent contractor working on a commission basis.

The affidavit of Jack Ross, a partner of Ross-Bornemann, states that the space used at 1140 Broadway is leased by Ross-

Bornemann and that it is used to display various merchandise of the manufacturers Ross-Bornemann represents, including Big Boy.[1]

The foregoing facts are insufficient to sustain venue in this district under 28 U.S.C. § 1400(b).

■ The authorities are clear that § 1400(b) has not yet been given the broad scope accorded the general venue provisions of 28 U.S.C. § 1391(c); Fourco Glass Co. v. Transmirra Products Corp., supra; Denis v. Perfect Parts, Inc., 142 F.Supp. 259 (D.C.Mass.1956). In the recent case of Schnell v. Peter Eckrich & Sons, 365 U.S. 260, 81 S.Ct. 557, 5 L.Ed. 2d 546 (1961) the Supreme Court reaffirmed the proposition that § 1400(b) is to be interpreted restrictively. It said, at page 262, 81 S.Ct. at page 559:

> " * * * Congress adopted the predecessor to § 1400(b) as a special venue statute in patent infringement actions to eliminate the 'abuses engendered' by previous venue provisions allowing such suits to be brought in any district in which the defendant could be served. Stonite [Products] Co. v. Melvin Lloyd Co., 315 U.S. 561 [62 S.Ct. 780, 86 L.Ed. 1026]. The Act was designed 'to define the exact jurisdiction of the * * * courts in these matters,' 315 U.S. at page 565, note 5 [62 S. Ct. at page 782], and not to 'dovetail with the general [venue] provisions.' Id., 315 U.S. 566 [62 S.Ct. 782]. As late as 1957 we have held § 1400 (b) to be 'the sole and exclusive provision controlling venue in patent infringement actions.' Fourco Glass Co. v. Transmirra Products Corp., 1957, 353 U.S. 222, 229, 77 S.Ct. 787, 792, 1 L.Ed.2d 786 * * *."

■ The defendant in a patent infringement suit must not only be doing business but must be "regularly engaged in carrying on a substantial part of its ordinary business on a permanent basis in a physical location within the district over which it exercises some measure of control." Mastantuono v. Jacobsen Mfg. Co., 184 F.Supp. 178 (S.D.N.Y.1960).

There has been no definitive test promulgated by the courts which will determine in each case whether venue is properly laid under § 1400(b). However, examining the facts in each case and the results reached in each case, a pattern can be discerned.

■ An essential prerequisite for a finding of venue in cases of this sort is that the defendant actually maintains, in the words of the statute, "a regular and established place of business" within the district. This "place of business" can be a branch office (Patent Royalties Corp. v. Land O'Lakes Creameries, 11 F. Supp. 103 (E.D.N.Y.1935)), a sales-showroom (Shelton v. Schwartz, 131 F.2d 805 (7th Cir. 1942)), or a warehouse or distribution center (Federal Electric Products Co. v. Frank Adams Electric Co., 100 F.Supp. 8 (S.D.N.Y.1951)). But it must be maintained and paid for by the defendant. The mere fact that defendant hires a sales representative who in turn rents offices to sell defendant's products is insufficient. Kay v. J. F. D. Mfg. Co., 261 F.2d 95 (5th Cir. 1958); Root v. Samuel Cupples Envelope Co., 36 F.2d 405 (2d Cir. 1929); McGah v. V-M Corp., 166 F.Supp. 662 (N.D.Ill.1958); Kamkap, Inc. v. Worldsbest Industries, Inc., 140 F.Supp. 854 (S.D.N.Y.1956).

As the court pointed out in Shelton v. Schwartz, 131 F.2d 805 (7th Cir. 1942), at page 809: "Emphasis must be on the

---

1. The affidavit further states that although Big Boy subleased space from Ross-Bornemann at 1140 Broadway from October 1, 1958 through September 30, 1961, this sublease arrangement terminated on the latter date. A letter of termination, dated May 15, 1961, is attached to the affidavit. The complaint in this suit was filed October 3, 1961, which is the effective date of initiation of the action under the Federal Rules. Only the facts existing at the time of the commencement of the suit can be considered in determining whether Big Boy had a regular and established place of business within this district. Feder v. A. B. Fiedler & Sons, 116 F. 378 (C.C.S.D.N.Y.1902).

existence of the regular and established place of business—not on the nature or character of the business conducted there." In the many cases examined by the Court only one has held that venue was proper in a district where defendant had no place of business.[2] Sherman Paper Products Corp. v. Sorg Paper Co., 161 F.Supp. 44 (E.D.Mich.1958). In that case an Ohio corporation had hired a sales representative in Michigan, who was paid on a commission basis. The representative had authority only to solicit sales, not consummate them, but apparently some small sales were made in Michigan by the representative out of a small stock kept in Michigan. Defendant was listed in the Michigan telephone directory. However, the factor that influenced the court most strongly seemed to be the fact that defendant had registered to do business in Michigan and in fact had yearly sales of $380,000 in Michigan. This case reaches the broadest limit of judicial interpretation of § 1400 (b); it is distinguished from the instant case in that goods were stored in Michigan and sales made from these stocks.

The theory that registering to do business in the state is sufficient to subject a corporation to venue jurisdiction in patent cases was specifically rejected in Mastantuono v. Jacobsen Mfg. Co., supra. A similar situation arose in Thiel v. Electric Sales & Supply Co., 187 F.Supp. 640 (W.D.S.C.1960), in which the district court held that where a foreign corporation solicited sales within South Carolina, without registering to do business, the corporation was deemed to have designated the South Carolina Secretary of State as its lawful agent for service of process pursuant to state statute. The Court then took a precarious further step, stating that the Secretary of State thereupon became a "regular place of business" for purposes of venue under § 1400(b). The Court of Appeals reversed, holding that the district court lacks jurisdiction in patent cases unless defendant has a regular place of business within the district, and that a state statute requiring a corporation to designate a state officer as its agent for process cannot in effect be substituted for the federally created requirement of a "place of business." Holub Industries, Inc. v. Wyche, 290 F.2d 852 (4th Cir. 1961).

As seen from the above cases, a regular and established place of business, in the literal, everyday sense, has been almost uniformly held a necessary prerequisite for proper venue in patent cases. But it is by no means sufficient in any given situation. The vast majority of cases require something more. The case of W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808 (1915), is still cited as a leading case in the field. In that case the defendant foreign corporation maintained an office and secretary in New York, sharing the rent and salary expenses with another corporation. A salesman was paid salary and commission and expenses; he had authority to solicit purchase orders within the state, but could not complete sales. The corporation listed itself in the New York telephone directory and on the office door. It also advertised itself as having a New York office and had samples on display in its New York office. The Court held that under this state of facts venue did not lie in New York under the predecessor of § 1400(b), 28 U.S.C. § 109, which is substantially identical to the present statute. That decision rested on the fact that defendant's sales representative could not consummate sales in New York but could only solicit orders.

Many other cases can be cited for the proposition that the mere maintenance of an office in a district is not sufficient for patent venue jurisdiction. Endrezze v. Dorr Co., 97 F.2d 46 (9th Cir. 1938); Elevator Supplies Co. v. Wagner Mfg. Co., 54 F.2d 937 (S.D.N.

---

2. In the case of Latini v. R. M. Dubin Corp., 90 F.Supp. 212 (N.D.Ill.1950), the defendant's sales representative paid rent on its Illinois office but was reimbursed for its rent expenses by the defendant. The courts have interpreted this type of reimbursement as tantamount to maintenance of an office.

Y.), aff'd 54 F.2d 939 (2d Cir. 1931); Hoegger v. F. H. Lawson & Co., 35 F.2d 219 (S.D.N.Y.1929); American Electric Welding Co. v. Lalance & Grosjean Mfg. Co., 256 F. 34 (Mass.1917); Haight v. Viking Pump Co. of Delaware, 29 F.Supp. 575 (E.D.Wis.1939); Maw v. Northern Pump Co., 27 F.Supp. 808 (S.D.N.Y. 1939); American Sales Book Co. v. Atlantic Register Co., 14 F.Supp. 623 (S.D.N.Y.1934).

In virtually all the cases examined where venue was held good, again with the exception of the Sherman and Latini cases, the defendant has had salaried employees working in the district, as well as an office or other place of business. In many of these cases defendant's employees also completed sales in the district. Other indicia of a "place of business" considered by the courts when approving venue are: telephone listings, listing on building directory and office door, maintenance of warehouse or storage of goods, shipment of goods and invoicing from within the district, registering to do business in the district, bank account in district, handling of complaints or servicing by agent in district.

But the latter considerations must be applied cautiously. It is not simply a matter of numerical accumulation of factors. Courts have often recognized many or most of the above factors as being present, and yet declined to accept jurisdiction. The First Circuit, in General Radio Co. v. Superior Electrical Corp., 293 F.2d 949 (1st Cir. 1951), a case involving many of the same facts as the case at bar, felt constrained to follow the Tyler case, supra, and deny venue, despite the fact that the corporate defendant maintained an office in Massachusetts, staffed with a sales manager and secretary, had telephone listings in Massachusetts, had its name displayed in the building directory and on the office door, and processed complaints in the state. The court held that it was bound by the Supreme Court's decision in Tyler, which it interpreted as requiring denial of venue in cases where a defendant corporation's agents or employees had only the limited authority to solicit sales and submit them to a home office in a foreign state for acceptance, rather than the general sales authority to consummate sales themselves. The court said:

"The facts as stated by the Court in the Tyler Co. case are more meager than those appearing in the case at bar in that from the opinion in that case it does not appear that the defendant's name was displayed on the door of its New York sales office or on or in the building where it was located or that its name was listed in the New York telephone directory, or that it kept sales literature in its New York office or that its salesman investigated complaints. But all these activities are only incidents of solicitation. In that case as in this, the local salesman consummated no sales himself; his only duty with respect to sales was ' "to solicit orders [and] forward them when received to the home office for execution." ' It is evident from the opinion in the Tyler Co. case that this is the fact the Court considered determinative." 293 F.2d 949, at 951.

In this case Big Boy also listed a New York office in its catalog; had a telephone and listings in its own name and displayed its name on the door of Ross-Bornemann's office. Ross-Bornemann also arranged for advertising and assisted and collected certain accounts for Big Boy. But these are only "incidents of sales solicitation" in the New York area. The sales representative did not and, in fact, was not authorized to consummate sales in New York. The courts have held this factor of prime importance. Tyler and General Radio cases, supra. In addition, of course, the fact that Big Boy maintained no office, salesroom or other place of business, and had no regular salaried employees within the district is in itself determinative of the issue.

Big Boy's motion to dismiss the complaint as against it is granted. So ordered.