**RAILEX CORPORATION, Plaintiff,**

v.

**WHITE MACHINE COMPANY, Inc., and White Conveyor Company, Inc., Defendants.**

**No. 64–C–1076.**

United States District Court
E. D. New York.

June 7, 1965.

---

John M. Calimafde, New York City, for plaintiff; Paul H. Blaustein, Stanley I. Rosen, New York City, of counsel.

Irving Seidman, New York City, for defendants; Richards & Cifelli, Newark, N. J., of counsel.

BARTELS, District Judge.

Motion by defendants pursuant to Rule 12(b), Fed.Rules Civ.Proc., 28 U.S.C.A., to dismiss this patent infringement suit on the grounds that (1) this Court lacks *in personam* jurisdiction and (2) venue is improper. In the alternative, they ask that the action be transferred to the United States District Court for the District of New Jersey under the provisions of 28 U.S.C.A. §§ 1404(a) and 1406(a).

Defendants are New Jersey corporations, which operate as one entity, with General Offices and Factory located at 50 Boright Avenue, Kenilworth, New Jersey, and engage in the manufacture and sale of conveyors and other devices used in the dry cleaning and laundry industries. In the places where they act,

their modus operandi is to promote their product through paid advertisements, exhibits at trade conventions, and salesmen-employees. These salesmen work in conjunction with various independent distributors who also sell products of others, including, at times, those of defendants' competitors. Potential customers are brought to the attention of the distributors by the employee-salesmen and any orders to the distributors which result from these calls are followed by Purchase Orders to the defendants from the distributors and not from the customers. The salesman-employee, however, submits a form to the defendants which gives the conveyor specifications, installation details, and price data. All orders are accepted or rejected by defendants at their New Jersey address. If the order is accepted, the items are all made at and shipped from defendants' New Jersey plant. In almost all cases installation is done by defendants' employees based in New Jersey. If any of the machines need servicing the usual procedure is for the customer to call the distributor who in turn calls the defendants. A few distributors do, however, carry some small parts to use in emergency situations. These parts, as well as the conveyors themselves, are paid for by the distributors as consigned to them.

This procedure was followed in the State of New York. Defendants have no warehouse, inventory or a place from which shipments are made or received within this State, nor do they pay any rent, maintenance, insurance, taxes or charges of any kind for office, premises or goods located in New York State. The only telephone listing of the defendants is the one contained in the Manhattan directory which refers to the defendants' New Jersey address but sets forth a New York telephone number. The purpose of this listing is for the convenience of persons in Manhattan and when the number is called the telephone rings only at the defendants' New Jersey address.

Defendants have fourteen distributors and one salesman located within the Eastern District of New York. These facts present the bone of contention. The salesman resides in Melville, Long Island, New York in a one-family house, occupied by his wife, himself and children. Defendants pay nothing towards the upkeep and maintenance of the house and have no financial or legal interest therein. The telephone is listed solely in the salesman's name and the expenses thereof, as well as all expenses in connection with the salesman's automobile (used for both pleasure and business) are paid for by him. The salesman spends no part of his working day at home except insofar as he may make or receive telephone calls to and from distributors, potential customers and customers.

Plaintiff contends that defendants have "a regular and established place of business" within the district because the business establishments of the independent distributors may be considered as the regular and established place of business of the defendants and also because of certain activities of the salesman such as the following: (a) Deduction by the salesman in his income tax return of certain expenses described by plaintiff as "home office" expenses, aggregating $891.45; (b) The salesman's calling cards, printed by the defendants, contain his "home office" address; (c) Correspondence by the salesman on business stationery showing his "home office" address as his business address; and (d) Referral by the defendants of all inquiries from prospective customers in the district to the salesman's "home office" and telephone number. Apparently no issue is presented concerning the commission of acts of infringement.

I

As to the first ground, the plaintiff predicates jurisdiction of this Court on Section 307 of the New York Business Corporation Law, McKinney's Consol.Laws, c. 4, and Section 302(a) (1) of the New York Civil Practice Law and Rules (CPLR) and accordingly served process upon the defendants by service

upon the Secretary of State. The coupling of these two sections and the reliance upon the same by plaintiff for jurisdictional purposes was an error. Section 307 does not permit service upon the Secretary of State as agent for an unauthorized foreign corporation with respect to jurisdictional acts set forth in Section 302(a) (1). Under the latter section service must be made upon a non-domiciliary defendant under Sections 311 and 313 of the CPLR which require delivery of the summons to an officer or agent of a corporation within or without the State.[1] If reliance for valid service of process is upon Section 307, such service is possible only when the corporation is "doing business" within the State in the traditional sense of the word. Therefore, unless the plaintiff can establish that the defendants were doing business in the State of New York within that definition, the service of process upon the Secretary of State was invalid. It is immaterial whether either defendant "transacts any business within the state" within the meaning of Section 302(a) (1). Applying to the above facts the well known criteria in determining whether a corporation is "doing business" as laid down by the authorities, of which Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 115 N.E. 915 (1917), and Cole v. Stonhard Co., N.D.N.Y.1952, 12 F.R.D. 508, are only samples, it becomes obvious that the plaintiff has failed to establish that the defendants come within that definition to justify service of process under Section 307 and consequently this conclusion alone would be sufficient to grant the motion.

## II

In a patent infringement case, however, jurisdictional and venue questions frequently have elements in common. In this case both parties have addressed their argument primarily to the issue of venue, apparently assuming that venue will be the ultimate question upon the hypothesis that process may be served otherwise than upon the Secretary of State.[2] In the interest of expediting the determination of the question, a disposition of the issue is proper. 28 U.S.C.A. § 1400(b) is the governing section and provides that "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." The crux of the matter is therefore whether the defendants have "a regular and established place of business" within the meaning of the section. In some cases the existence of this fact determines both jurisdiction and venue, but in the case where service of process was made upon the Secretary of State[3],

---

1. In a patent infringement suit the Court has subject-matter jurisdiction under 28 U.S.C.A. § 1338. The question of venue and personal jurisdiction is governed by 28 U.S.C.A. §§ 1400(b) and 1694, and Rule 4(d) (3) and (7), Fed.Rules Civ. Proc. (But see B. Heller & Co. v. First Spice Mfg. Corp., note 4 infra, holding that jurisdiction cannot be obtained under Rule 4(d) (3) and (7).) Section 1694 provides: "In a patent infringement action commenced in a district where the defendant is not a resident but has a regular and established place of business, service of process, summons or subpoena upon such defendant may be made *upon his agent or agents conducting such business*." (Emphasis supplied) Rule 4(d) (3) and (7) provides that service of process upon a domestic or foreign corporation may be made upon an officer, managing or general agent, or an agent authorized by appointment or by law or statute to receive service of process. Section 307 of the New York Business Corporation Law authorizes the Secretary of State to receive service upon a foreign corporation under certain specified conditions.

2. It should be noted that were process upon the Secretary of State valid, the defendants would nevertheless have the right to object to venue. Olberding v. Illinois Cent. R. Co., Inc., 1953, 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39.

3. Where a non-resident defendant in a patent infringement case has "a regular and established place of business", personal jurisdiction cannot be obtained un-

the jurisdiction depends upon "doing business within the state", and the venue depends upon "a regular and established place of business" within the district. The two criteria are not the same. Cf., Fourco Glass Co. v. Transmirra Products Corp., 1957, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786. It is interesting to note, in passing, that it has been held that Section 1400(b) is a jurisdictional as well as a venue section, so that jurisdiction over a non-domiciliary defendant can be obtained only by the service of process as set forth in the section, and that for the purpose of service of process the "doing business" test of presence is invalid.[4] As heretofore indicated, this question is moot in this case for other reasons.

 With respect to venue as well as jurisdiction, the burden of proof is upon the plaintiff to demonstrate the existence of both. Phillips v. Baker, 9 Cir. 1941, 121 F.2d 752, cert. denied, 314 U.S. 688, 62 S.Ct. 301, 86 L.Ed. 551. A "regular and established place of business" depends upon the totality of a number of facts which vary according to the circumstances of the case. Before the defendants can be said to have "a regular and established place of business", plaintiff must establish that defendants had an established place at which they conducted business and that such business was conducted with such a degree of regularity and permanence as to compel the conclusion that the place was "a regular and established place of business". See Mastantuono v. Jacobsen Mfg. Co., S.D. N.Y.1960, 184 F.Supp. 178. Plaintiff has not demonstrated any facts which would justify such a conclusion. Plaintiff relies on Sherman Paper Products Corp. v. Sorg Paper Co., E.D.Mich., S.D., 1958, 161 F.Supp. 44, to support its contention that the business establishments of the fourteen distributors may be treated as

the regular and established place of business of the defendants. In that case the defendant was qualified to do business within the State and its distributor maintained a small stock of merchandise in its office from which some sales were made. The independent distributor was, in fact, the agent for the plaintiff. No such evidence has been adduced with respect to the defendants' distributors in this case. The circumstances surrounding the orders placed by the independent contractors in this case will not support the finding that their independent establishments constituted "a regular and established place of business" of the defendants.

There remains for consideration the activities of the defendants' lone salesman within the district and the limited use and reference to his home in Long Island in connection with his business. Upon this point plaintiff's reliance upon Ronson Art Metal Works, Inc. v. Brown & Bigelow, S.D.N.Y.1952, 104 F.Supp. 716, and Stiegele v. Jacques Kreisler Mfg. Corp., S.D.N.Y.1962, 213 F.Supp. 494, is misplaced. In both of those cases the defendants, within the district, maintained a sales office and employed many salesmen and continuously and systematically solicited orders and exhibited and demonstrated their products. Such activities were not established in this case. The mere fact that the defendants hired a salesman who occasionally used his home in Long Island for telephone calls and correspondence in connection with the defendants' business and who indicated upon his card and correspondence that his home address was his business address does not convert his home into "a regular and established place of business" of the defendants. Deduction by the salesman in his income tax return of the so-called "home office" expenses simply shows that these small expenses

---

der 28 U.S.C.A. § 1694 by service upon the Secretary of State but only by service upon the agent conducting such business.

4. B. Heller & Co. v. First Spice Mfg. Corp., N.D.Ill.E.D.1959, 172 F.Supp. 46,

interpreting Stonite Products Co. v. Melvin Lloyd Co., 1942, 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 479, as supporting such a construction of Section 1400(b).

were his personal business expenses rather than those of the defendants. Nor can it be said that the referral by the defendants of inquiries in the district to their lone salesman at his home address indicates that such address was the place of business of the defendants. See Breyel Products Corp. v. H & B American. Corp'n, S.D.N.Y.1962, 202 F.Supp. 824; McGah v. V-M Corp., N.D. Ill.1958, 166 F.Supp. 662; E. H. Sheldon & Co. v. Norbute Corp'n, E.D.Pa.1964, 228 F.Supp. 245.

Since the Court lacks jurisdiction over the defendants, it does not believe it to be in the interest of justice [5] to transfer the case under 28 U.S.C.A. § 1406(a). Accordingly, the motion to dismiss the complaint is granted.

This is an order.

---

5. Cf., Goldlawr, Inc. v. Heiman, 1962, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39.