**AMERICAN CYANAMID COMPANY,**
Plaintiff,

v.

**NOPCO CHEMICAL COMPANY and**
Quality Feeds, Inc., F. H. Harrison,
Jr., Registered Agent, Defendants.

No. 66–C–27–C.

United States District Court
W. D. Virginia,
Charlottesville Division.

March 10, 1967.

Leigh B. Middleditch, Jr., McGuire, Woods & Battle, Charlottesville, Va., W. Brown Morton, Jr., McLean, Morton & Boustead, Washington, D. C., for plaintiff.

John T. Camblos, Belt, Camblos & Pickford, Charlottesville, Va., Morgan, Finnegan, Durham & Pine, New York City, for defendant Nopco Chemical Co.

John T. Camblos, Belt, Camblos & Pickford, Charlottesville, Va., for defendant Quality Feeds, Inc.

## OPINION

MICHIE, District Judge.

Plaintiff, American Cyanamid, seeks an injunction and damages for alleged infringement of a patent of which it is the assignee on the mixture of an aureomycin mash containing chlortetracycline with vegetable protein meal

which, when combined with animal feeds, acts as a growth stimulant.

The defendant Quality Feeds is a resident of this judicial district. The defendant Nopco is a corporation incorporated under the laws of New Jersey. Plaintiff is a Maine corporation, having its principal place of business at Wayne, New Jersey. The defendant Nopco has moved that the action be dismissed as to it on the ground of improper venue.

■ Venue in patent infringement cases is governed exclusively by 28 U. S.C. § 1400(b). Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). Section 1400(b) reads:

Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

■■ It is established that as to a corporation the residence referred to in § 1400(b) means only the state of incorporation. Fourco Glass Co. v. Transmirra Products Corp., supra. Since Nopco is a New Jersey corporation, venue does not lie under the residence clause. Venue, therefore, is proper only if it can be shown that Nopco both (a) has committed acts of infringement and (b) has a regular and established place of business within this judicial district. It has not been necessary to consider the question of acts of infringement as I have concluded that Nopco does not have "a regular and established place of business" within this judicial district as the phrase regular and established place of business has been construed.

■ It appears from the affidavits, depositions, and evidence presented that Nopco does not possess any real or personal property within the district. Nopco maintains no office, manufacturing facility, warehouse or other storage facility, showroom or distribution facility within the State of Virginia. Nopco maintains no bank account, address (Post Office box or otherwise), or telephone listing within this district.

■ Nopco does have several salesmen from within one or more of its operating divisions who sell within Virginia. However, none of them live within this state. All sales orders solicited by them are subject to acceptance by the home office in Newark, New Jersey. The orders, after acceptance, are filled and shipment takes place from facilities located outside of this state.

Since 1953 a salaried employee of Nopco having the title of Regional Sales Manager has resided in Charlottesville, Virginia. He is connected with Nopco's Industrial Chemicals Division and in that capacity supervises the selling effort in a ten-state area extending from southern New York to South Carolina. In order to carry out his job, which is to supervise the four road salesmen under his control and generally to enhance sales, Nopco has provided him with an automobile which is rented from a New York rental agency and which carries a policy of liability insurance designed to protect the defendant corporation. Four days of each week usually find the Regional Sales Manager on the road. He counsels the four salesmen under his supervision and often calls on customers or prospective customers with them. Much of the time, of course, this activity takes place outside of Virginia. The Sales Manager does no selling himself and has no authority to accept orders.

In his home in Charlottesville, the Sales Manager has set aside a portion of his basement for use as an office. There he has a desk, upon which he may work, and shelves where he can file or store the various materials he receives in relation to his job. The evidence shows that he customarily receives information on Nopco products, sundry communications from the home office, and copies of orders secured by his salesmen as well as copies of invoices on shipments to customers. At times he requires the ser-

vices of a part-time secretary whom he pays himself, for which he is later reimbursed by Nopco. The office, located in the basement of this man's home, is not open to the public. There is nothing on or about his home to indicate that any business of the defendant corporation is conducted within or that a representative of the corporation may be found there. None of his superiors have ever been in the office; in fact, until recently, none were aware that it existed. Salesmen visit infrequently; perhaps two or three times in three years. The furnishings within the office, the desk and shelves, are largely homemade. What information concerning Nopco the office contains is not for display or available to the public.

Only a notation in the Charlottesville City Directory would indicate to the public that an employee of Nopco resides at the address of the Sales Manager's home. No reference to Nopco can be found in the Charlottesville yellow pages. The telephone is listed privately in the Sales Manager's name with no reference to Nopco. The Sales Manager's card identifies him as an employee of Nopco but makes no reference to a Charlottesville address or phone number.

In support of its contention that venue will lie as to Nopco in the Western District of Virginia, the plaintiff argues that the office in the home of this Regional Sales Manager constitutes a regular and established place of business of the defendant corporation.

■ Unlike the general venue provisions found in 28 U.S.C. § 1391(c), the special venue provisions of § 1400(b) are not to be liberally construed. Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787 (1957); Stonite Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942); Brevel Products Corp. v. N. and B. American Corp., 202 F.Supp. 824 (S.D. N.Y.1962). Recently, in Schnell v. Peter Eckrich & Sons, 365 U.S. 260, 81 S.Ct. 557, 5 L.Ed.2d 546 (1961), the Supreme Court again emphasized that § 1400(b)

is to be construed restrictively. It said at p. 262, 81 S.Ct. at p. 559:

> * * * Congress adopted the predecessor to § 1400(b) as a special venue statute in patent infringement actions to eliminate the "abuses engendered" by previous venue provisions allowing such suits to be brought in any district in which the defendant could be served. [Citation omitted] The Act was designed "to define the exact jurisdiction of the * * * courts in these matters," * * * and not to "dovetail with the general [venue] provisions." * * * As late as 1957 we have held § 1400(b) to be "the sole and exclusive provision controlling venue in patent infringements actions." Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 229 [77 S.Ct. 787, 792] (1957).

■ The defendant points to the fact that inconsequential as the office in the basement of Nopco's Sales Manager's home may be, it is sufficient for Nopco's purposes in that it allows a home base from which a substantial amount of sales activity is supervised. Having concluded that business of the corporation is carried on in the place, it then reasons that the permanence of this man's home gives rise to a place of business which is both regular and established. This logic, for all its internal integrity, misses the mark. The facts in this case establish the existence of a physical location where an employee of Nopco carries on part of his work. They do not establish a place of business of the defendant corporation. The distinction is fundamental and, in view of the restrictive interpretation to be given § 1400(b), controlling.

■ As the court pointed out in Brevel Products Corp. v. H. and B. American Corp., 202 F.Supp. 824 (S.D.N.Y. 1962) at p. 827:

> An essential prerequisite for a finding of venue in cases of this sort is that the defendant actually maintains, in the words of the statute, "a regular and established place of business"

within the district. This "place of business" can be a branch office (Patent Royalties Corp. v. Land O' Lakes Creameries, 11 F.Supp. 103 (E.D.N.Y. 1935)), a sales-showroom (Shelton v. Schwartz, 131 F.2d 805 (7th Cir. 1942)), or a warehouse or distribution center (Federal Electric Products Co. v. Frank Adams Electric Co., 100 F. Supp. 8 (S.D.N.Y.1951)). But it must be maintained and paid for by the defendant. The mere fact that defendant hires a sales representative who in turn rents offices to sell defendant's products is insufficient. Kay v. J. F. D. Mfg. Co., 261 F.2d 95 (5th Cir. 1958); * * *.

Similarly, where a salesman of a corporation operates out of his home using his home as an office, and designates it as such on his business card, at least two courts have refused to find that the home was a regular and established place of business of the corporation by which the salesman was employed. Gould v. Cornelius Co., 258 F.Supp. 701 (N.D. Okla.1966); Railex Corp. v. White Machine Co., 243 F.Supp. 381 (E.D.N.Y. 1965). In both of those cases, as in the present case, the corporation owned no interest in the home and in no way contributed to its maintenance.

▬▬▬ Relevant also is a statement by the court in Mastantuono v. Jacobsen Manufacturing Co., 184 F.Supp. 178 (S.D.N.Y.1960) where the court reasoned at p. 180 that to confer venue:

It must appear that a defendant is regularly engaged in carrying on a substantial part of its ordinary business on a permanent basis in a physical location within the district over which it exercises some measure of control.

The physical location in one's home at which one carries out a portion of one's duties connected with one's employment is generally not a physical location over which the employer exercises some measure of control. That is precisely the situation here. Not only did Nopco not exercise control over the work carried on by its Sales Manager in the basement of his home, but furthermore, it had no knowledge of the existence of this office.

Quite different were the facts in Watsco, Incorporated v. Henry Valve Co., 232 F.Supp. 38 (S.D.N.Y.1964) and Stiegele v. Jacques Kreisler Manufacturing Co., 213 F.Supp. 494 (S.D.N.Y.1962) upon which Cyanamid relies. In each of these cases the defendant corporation had leased an office, however small, and exercised substantial control over its operation. The work to be performed at the office and the duties assigned to each of the personnel were prescribed by the corporation. The office in each of these cases was established by the corporation and staffed by the corporation to accomplish its purposes. There is no analogy to the present case where the office was established by the employee in his own home to suit his own needs.

▬▬▬ Plaintiff, in the alternative, has urged that Nopco, by standing behind the accused product with an indemnification agreement to its customer, Quality Feeds, a resident of this district, has waived venue and has consented to suit. Even where a corporate defendant has undertaken the defense of a patent infringement action brought against one of its customers, the strictures of § 1400 (b) prevent a waiver of venue. Schnell v. Peter Eckrich & Sons, Inc., 365 U.S. 260, 81 S.Ct. 557 (1961); The Dow Chemical Co. v. Melton Corp., 281 F.2d 292 (4th Cir. 1960). Consequently, I must reject the contention that Nopco has waived its objections to venue by agreeing to hold Quality Feeds harmless.

As venue does not properly lie as to Nopco in the Western District of Virginia and as Nopco can not be said to have waived venue, the complaint must be dismissed as to it. An order will·be entered accordingly.