James C. KAY and Jack Townes, Appellants,

v.

J. F. D. MANUFACTURING COMPANY, Inc., Appellee.

No. 17329.

United States Court of Appeals
Fifth Circuit.

Nov. 26, 1958.

**96**

. George H. Baldwin, Jacksonville, Fla., Dean Covington, Rome, Ga., for appellants.

Roland P. Smith, Atlanta, Ga., for appellee.

Before RIVES, TUTTLE, and JONES, Circuit Judges.

JONES, Circuit Juge.

The appellants, James C. Kay and Jack Townes, were issued a patent for a television antenna, which they manufacture and sell. By a complaint filed in the District Court for the Northern District of Georgia, the appellants charge the appellee, J. F. D. Manufacturing Company, Inc., with the infringement of the patent by manufacturing the patented article and the selling of it in the Northern District of Georgia. Injunction, damages, costs and attorneys' fees were sought. The appellants' complaint alleged that the appellee had

"* * * a regular and established place of business in and [was] doing business in the State of Georgia through its duly appointed general agents, Grady Duckett, doing business as Grady Duckett Sales Company, whose place of business is located at 26 East Andrews Drive, N. E., in the City of Atlanta, Georgia, and Goode T. Mosteller, * * *."

The appellee moved to dismiss the complaint saying that it is a New York corporation with its place of business in Brooklyn in that State, that it does not reside in the State of Georgia and has no regular and established place of business in Georgia. From an affidavit filed in support of the motion, and not controverted, it appears that Grady Duckett, who does business as Grady Duckett Sales Company, has a place of business in Atlanta. Among other activities he takes orders for the equipment of the appellee and sends the orders to it at its place of business in Brooklyn, New York. Duckett has no power to make any agreements for the appellee and the appellee is not bound to fill any orders submitted by Duckett and may reject them if it sees fit. On orders accepted shipments are made from Brooklyn. Payments are made to the appellee. The appellee is not listed in the Atlanta telephone directory. It pays no rent on the premises occupied by Duckett. Duckett did not carry any stock of the appellee's product. Duckett is compensated by commissions. The district court entered an order sustaining the appellee's motion and dismissed the complaint because of improper venue. The statutory provision as to venue in patent infringement cases is:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C.A. § 1400(b).

This section is the exclusive provision controlling venue in patent infringement actions and is not to be supplemented by the general corporation venue statute in 28 U.S.C.A. § 1391(c). Fourco Glass Co. v. Transmirra Products Corporation, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786. No claim is made by appellants that the appellee resides in the Northern District of Georgia. The appellee did not, by its motion to dismiss, take issue with the averment of the complaint

that it was selling the accused device in the Northern District of Georgia. The appellants no longer contend that the appellee has a regular and established place of business through Goode T. Mosteller. Presented then for our review is the single question as to whether the place of business of Duckett in Atlanta is a regular and established place of business of the appellee.

Under the undisputed facts disclosed by the record in this case it is clear that the premises at which Duckett took orders for the product of the appellee was not a regular and established place of business of the appellee. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808; Endrezze v. Dorr Co., 9 Cir., 1938, 97 F.2d 46; 3 Walker on Patents, Dellers Ed., 1617, § 417. It follows that the judgment of the district court must be

Affirmed.