## E. H. SHELDON & COMPANY
v.
## NORBUTE CORPORATION.
### Civ. A. No. 33889.

United States District Court
E. D. Pennsylvania.
March 9, 1964.

Andrew R. Klein, Synnestvedt & Lechner, Philadelphia, Pa., John T. Love, Wupper, Gradolph & Love, Chicago, Ill., for plaintiff.

Harold S. O'Brian, Jr., Philadelphia, Pa., Lorimer P. Brooks, New York City, for defendant.

GRIM, District Judge.

Without much doubt plaintiff could have litigated the present patent infringement suit in the Second Circuit, but it prefers to litigate it here in the Third Circuit. Defendant, however, wants to litigate the case in the Second Circuit. Defendant contends that venue in this District is improper, but instead of requesting that the action be dismissed because of improper venue he has moved to have the action transferred to the Eastern District of New York.

While broadly speaking an action for patent infringement is personal and transitory, the places where such actions

may be brought are rather narrowly limited by 28 U.S.C.A. § 1400(b):

"(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."[1]

It is conceded that defendant does not "reside" here.[2] Defendant denies that it has committed any acts of patent infringement, but there are sufficient facts in the record to sustain a finding that if there were any acts of infringement, some of them were committed in this district. Consequently, the venue problem in the case turns on the question whether defendant has a "regular and established place of business" in this district.[3]

From the affidavits and exhibits in the case the following facts are established. Defendant corporation is qualified to do business in the state of Pennsylvania and has a registered office for the service of process at 123 South Broad Street, Philadelphia. Defendant's wholly owned subsidiary, Metalab Equipment Company,[4] is, and for about ten years has been, represented in this district by a sales representative, Wilson & Stevenson, which is an independent firm neither owned nor controlled by the defendant or its subsidiary. It is sales representative for at least one other company in addition to its representation of defendant. Wilson & Stevenson solicits orders for laboratory tables manufactured by Metalab, but all such orders are subject to acceptance by Metalab at its main office in Hicksville, New York. Metalab is listed in the Philadelphia telephone directory in both the white and yellow pages, the address and telephone number being the same as that of Wilson & Stevenson. At the Wilson & Stevenson office a catalog of Metalab products is available, but none of the Metalab products are stocked in that office or at any other place in this district. Neither defendant nor Metalab pays any of the expenses of Wilson & Stevenson, its sole remuneration from defendant being commissions on sales made as a result of orders solicited by the firm. Neither defendant nor Metalab owns, leases or otherwise controls any office, warehouse or other permanent location in this district.

In 1962, through Wilson & Stevenson, Metalab secured a contract in the amount of $39,712.60 for the purchase and installation of its equipment at a West Chester, Pennsylvania, high school; and in 1963 it obtained a contract in the sum of $97,000 for the purchase and installation of equipment at West Chester State College, West Chester, Pennsylvania. This is the only evidence of the amount of business done by defendant in the

1. This differs from the general venue provisions as to suits against corporations, 28 U.S.C.A. § 1391:

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

This general venue provision, however, does not apply to patent infringement suits. Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 229, 77 S. Ct. 787, 1 L.Ed.2d 786 (1957).

2. "Residence" of a corporation for patent venue purposes means the state of incorporation. See Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 226, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). Defendant is incorporated under the laws of the state of Delaware.

3. Although the original complaint does not specifically allege that defendant has a "regular and established place of business" within this district, plaintiff has moved for leave to amend its complaint to so specify. The court eo die grants plaintiff's motion.

4. Prior to the institution of this suit, Metalab was a division of the defendant, Norbute Corporation. Effective January 1, 1963, Metalab was incorporated separately in Delaware as a wholly owned subsidiary of defendant. For purposes of this case and apparently without serious disagreement from either side the acts of Metalab, the wholly owned subsidiary, will be considered to be acts of the defendant. Compare, Technograph Printed Circuits, Ltd. v. Epsco, Inc., 224 F.Supp. 260 (E.D. Pa.1963) (Judge Luongo).

Eastern District of Pennsylvania. It appears that perhaps defendant did other business in this district during this period, but the evidence on it is not sufficiently clear to state exactly what this business was.

The main office and manufacturing plant of Metalab is at Hicksville, Long Island, New York. All orders for equipment manufactured by Metalab are subject to acceptance at Hicksville. Four major officers of the defendant, who are also officers of Metalab, and six other officers of Metalab have offices in Hicksville. None of the officers of defendant or Metalab have an office or residence in the Eastern District of Pennsylvania. Almost all the records of sales of defendant and Metalab are kept at the office in Hicksville, New York.

In order that a defendant have a "regular and established place of business" in a district it must have a regular establishment maintained, controlled and paid for by it. See Mastantuono v. Jacobsen Mfg. Co., 184 F.Supp. 178 (S.D. N.Y.1960); Brevel Products Corp. v. H & B American Corp., 202 F.Supp. 824 (S.D.N.Y.1962); Patent Royalties Corp. v. Land O'Lakes Creameries, 11 F.Supp. 103 (E.D.N.Y.1935); Shelton v. Schwartz, 131 F.2d 805 (7th Cir. 1942); Federal Electric Products Co. v. Frank Adam Electric Co., 100 F.Supp. 8 (S.D. N.Y.1951).

In the present case the defendant does not maintain, control or pay for an establishment in this district. It has no regular and established place of business here. The suit, therefore, cannot be maintained here. Defendant, however, is not asking that the suit be dismissed. It is asking that it be transferred to the Eastern District of New York where Hicksville is located and where venue for the action unquestionably would be proper. The applicable transfer statute (28 U.S.C.A. § 1406(a)) provides that a case may be transferred to another district "if it be in the interest of justice." It seems to me that the complaint states a cause of action. This being so it would appear that it is in the interest of justice to transfer the case rather than to dismiss it. Accordingly, it will be transferred to the Eastern District of New York. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

## ORDER

And now, March 9, 1964, the motion of E. H. Sheldon & Company to amend its complaint is granted and the motion of defendant Norbute Corporation to transfer the action to the Eastern District of New York is granted.