**Milton MORSE, Plaintiff,**

v.

**MASTER SPECIALTIES CO., Defendant.**

**Civ. No. 786-64.**

United States District Court
D. New Jersey,
Civil Division.

Dec. 30, 1964.

Teltser, Byrne & Greenberg, by Brendan T. Byrne, Newark, N. J., for plaintiff.

Harry Sommers, Newark, N. J., for defendant.

COOLAHAN, District Judge.

This is a motion to dismiss the above captioned matter on the grounds that the Court lacks jurisdiction under the venue provision of 28 U.S.C.A. § 1400(b).

The subject matter of the suit is patent infringement claiming jurisdiction under 28 U.S.C.A. § 1338(a). The plaintiff is a citizen of New Jersey and the defendant is a corporation of the State of California. It is contended that the defendant has committed infringement within the District of New Jersey by offering for sale certain silicon rubber light filters for incandescent lamps.

The defendant contends that the appropriate statute relating to the proper venue of the matter is 28 U.S.C.A. § 1400 (b) which states that venue is proper

642

"where the defendant has committed acts of infringement and has a regular and established place of business." It is conceded that this particular venue statute is controlling rather than the general provision of 28 U.S.C.A. § 1391(c). See Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957) and Ackerman v. Hook, 183 F.2d 11 (3rd Cir. 1950).

It is therefore necessary to determine whether the defendant maintains a regular and established place of business in the District of New Jersey. The affidavits submitted in support of the motion aver that the defendant maintained a rented office in New Jersey which was closed on June 1, 1964 prior to the commencement of the instant litigation. Furthermore, they state that while two engineers were employed in the New Jersey office to solicit business no orders were accepted or rejected in New Jersey but were all transmitted directly to the California offices for approval and shipment.

Apparently activity of the type engaged in by the defendant in New Jersey has not been judicially defined as maintaining a regular and established place of business in a State. See W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808 (1915); Brevel Products Corp. v. H. & B. American Corp., 202 F.Supp. 824 (E.D.N.Y. 1962); and E. H. Sheldon & Co. v. Norbute Corp., 228 F.Supp. 245 (E.D. Pa.1964). While other jurisdictions appear to produce holdings not in accord with the Tyler rationale this Court is constrained to follow the dictates of the United States Supreme Court. Cf. Urquhart v. American-La France Foamite Corp., 79 U.S.App.D.C. 219, 144 F.2d 542 (1944), cert. denied 323 U.S. 783, 65 S.Ct. 273, 89 L.Ed. 625, with Norbute, supra.

The reason for the holding that the particular venue statute should control rather than the general venue provision is presumably grounded upon the implementation of the Congressional intent to facilitate the procedure in patent litigation. The Congress has sought to lay the venue in the area where the defendant resides or has a regular and established place of business so as to facilitate the production and investigation of books, records and other data necessary to the discovery and trial technique employed in the patent field. Technograph Printed Circuits, Ltd. v. Epsco, Incorporated, D.C., 224 F.Supp. 260, 264 (E.D.Pa.1963) and Ruth v. Eagle-Picher Company, 225 F.2d 572 (10th Cir. 1955). In light of this Congressional manifestation, the transitory nature of the defendant's connection with New Jersey coupled with the fact of the elimination entirely of the New Jersey office prior to the instant suit militate toward the unavailability of the New Jersey forum for venue purposes.

The plaintiff strongly contends that the defendant has waived its rights under the venue statute by virtue of its consent to be sued in this jurisdiction pursuant to N.J.S.A. 14:4–2 and 14:15–3. The Randolph Laboratories v. Specialties Development Corp., 62 F.Supp. 897 (D.N.J.1945), aff'd 3 Cir., 178 F.2d 477, cert. denied 339 U.S. 952, 70 S.Ct. 840, 94 L.Ed. 1365 case is cited in support of this theory. However, that case dealt with a different provision of the venue statute and relates to a diversity of citizenship situation. It is therefore inapposite to the instant litigation which is controlled by the specific section of the code relating directly to patent suits. The Legislature of New Jersey can impose as a condition of State law that a corporation consent to submit to its Courts if it wishes to transact business within the State. Such a statute would afford equal access to the Federal Court of New Jersey where diversity of citizenship grounds is otherwise present, since this treatment is consistent with the fundamental Federal policy, first laid down in the historic case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). However, it is difficult to understand how such a State statute could foist otherwise improper venue upon a Federal District Court when dealing with a matter of

patent law exclusively within the jurisdiction of the Federal Courts. In pure areas of Federal jurisdiction the Federal statutes are, of course, paramount. The waiver doctrine of Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939) dealt with a diversity situation and has no application to the case at Bar.

In light of the foregoing it is the judgment of this Court that the defendant's motion pursuant to 12(b) (3) of the F.R.Civ.P. will be granted and the case consequently dismissed.

Let the attorney for the defendant submit an appropriate order with consent as to form.