Domer **SCARAMUCCI**, an individual and Demco, Incorporated, a corporation, Plaintiffs,

v.

**FMC CORPORATION**, Defendant.

Civ. No. 66–165.

United States District Court
W. D. Oklahoma.

Sept. 23, 1966.

Dunlap & Laney, Oklahoma City, Okl., Fishburn & Gold, Kansas City, Mo., for plaintiffs.

Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, Okl., Vinson, Elkins, Weems & Searls, Houston, Tex., for defendant.

### ORDER

DAUGHERTY, District Judge.

This is a patent infringement case brought by the plaintiffs in this court against the defendant under 35 U.S.C. § 281 et seq. Jurisdiction is based on 28 U.S.C. § 1338(a) and venue on 28 U.S.C. § 1400(b).[1] Plaintiffs are citizens of Oklahoma. The defendant is a corporation organized under the laws of the State of Delaware.

The defendant has filed a Motion to Dismiss for lack of venue in this judicial district. This type of action is governed by a special venue statute, as aforesaid,[1] which statute is exclusive as to venue. Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942). The burden of proof is upon the plaintiffs to show proper venue. Wats-

---

1. This Section of the Statute provides:
   "(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

**600**

co, Inc. v. Henry Valve Co., 232 F.Supp. 38 (S.D.N.Y.1964); McGah v. V-M Corporation, 166 F.Supp. 662 (N.D.Ill.1958). This special venue statute fixes venue on two alternative grounds: First, where the defendant resides. Under this provision of the statute it has been held that in the case of a corporation the corporation "resides" only in the state of incorporation. Fourco Glass Co. v. Transmirra Products Corp., supra; Ruth v. Eagle-Picher Co., 225 F.2d 572 (Tenth Cir. 1955). Herein plaintiffs allege that the defendant is a corporation organized under the laws of Delaware. Therefore, the first alternative ground is not present in this case and will not be further discussed. The second ground is where the defendant has committed acts of infringement and has a regular and established place of business. This ground is in the conjunctive and both requisites must be present in order for venue to exist in a judicial district.

The parties are in disagreement as to both of these requisites so both will be treated in this Order. From the affidavits, deposition, and answers to interrogatories on file herein, the court finds that the defendant is organized into several distinct Divisions, one of which, called the Weco Division, manufactures and sells the alleged infringing valve; that said valve is manufactured by this Division of defendant in its plant at Houston, Texas; that the defendant does not use said valve but does sell the same; that the defendant maintains a sales representative in this judicial district who works out of his home; that the defendant has never paid the rent or utilities for this home; that the sales representative uses a business card showing him to be the sales representative of Weco, gives his home address and telephone number in Oklahoma City, Oklahoma and the address and telephone number of the defendant in Houston, Texas; that the

sales representative was given a model of the valve (not workable) for demonstration purposes and literature regarding the valve; that he calls on customers in this judicial district from whom he receives orders for the sale of the valve and valves have been subsequently delivered and used in this judicial district; that all sales orders are mailed to Houston, Texas, where they are accepted by the defendant and shipments effected. The defendant has a service agent in Oklahoma and has been licensed to do business in the State of Oklahoma.

It further appears, and the Court finds, that the defendant has another Division known as Oil Center Tool (OCT) Division. This Division, however, manufactures and sells a line of equipment different from the accused valve. The OCT Division does not manufacture, use, sell, service or stock the accused valve which is the subject matter of this suit. But the OCT Division does have a regular and established place of business in this judicial district.

■ With reference to the first requirement of an act of infringement, the same is defined in 35 U.S.C. § 271,[2] and is committed by one who makes, uses or sells a patented invention without authority. An act of infringement is also committed by one who actively induces infringement of a patent.

■ It appears, and the Court finds, that the defendant does not make the accused valve in this judicial district and does not use the same herein. However, the Court believes and finds that the defendant sells the valve in this judicial district within the meaning of 35 U.S.C. § 271(a) and also actively induces infringement regarding the valve within this judicial district within the meaning of 35 U.S.C. § 271(b). The Court is of the opinion and concludes that "sells" as that term is used in said statute, is not

2. This statute reads, in part, as follows: "(a) Except as otherwise provided in this title, whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent.
(b) Whoever actively induces infringement of a patent shall be liable as an infringer."

limited to a commercial sale which is deemed to be made in the state of acceptance (herein Texas) but should be given a broader application to include the successful solicitations of sales of the accused item in a judicial district even though they are accepted in another state. Union Asbestos & Rubber Company v. Evans Products Company, 328 F.2d 949 (Seventh Cir. 1964).

■■ Moreover, when the sales representative of defendant effects the sale of the accused valve to a customer in this judicial district followed by the use of the same herein by the customer, it is believed that such would constitute actively inducing infringement of the accused valve by the defendant in this judicial district. Leesona Corp. v. Cotwool Mfg. Corp., Judson Mills Div., 201 F. Supp. 472 (W.D.S.C.1962). Therefore, the Court finds and concludes that the defendant has committed an act of infringement in this judicial district with reference to the accused valve involved.

■ However, with reference to the other requirement that the defendant has "a regular and established place of business" in this judicial district, the Court finds and concludes that the defendant does not have a regular and established place of business in this judicial district within the intent, purpose and meaning of 28 U.S.C. § 1400(b). The facts of having a service agent and being licensed to do business in Oklahoma are not controlling and will not satisfy the requirement. E. H. Sheldon & Company v. Norbute Corporation, 228 F.Supp. 245 (E.D.Pa.1964). Nor may the familiar test of "doing business" be substituted for the test of a "regular and established place of business." Knapp-Monarch Co. v. Casco Products Corp. et al., 342 F.2d 622 (Seventh Cir. 1965), cert. denied 382 U.S. 828, 86 S.Ct. 64, 15 L.Ed.2d 73.

■ The activities of the sales representative of defendant as outlined above fall far short of constituting or creating a "regular and established place of business" in this judicial district of the defendant within the meaning, purpose and intent of said statute. General Radio Co. v. Superior Electric Co., 293 F.2d 949 (First Cir. 1961); Knapp-Monarch Co. v. Casco Products Corp. supra; Clearasite Headwear, Inc. v. Paramount Cap Mfg. Co., 204 F.Supp. 4 (S.D.N.Y.1962); Brevel Products Corp. v. H & B American Corporation, 202 F. Supp. 824 (S.D.N.Y.1962); McGah v. V-M Corporation, 166 F.Supp. 662 (N.D. Ill.1958). As to the OCT Division and its office in this judicial district the question is more difficult. At first blush this would seem to satisfy the venue statute. But this is a special patent venue statute and a consideration of the history of patent venue, this statute, its predecessor statute and the apparent purpose and intent of the present statute, leads the Court to the conclusion that this requirement is lacking in this case notwithstanding the defendant has another Division with a regular and established place of business in this judicial district. The former patent venue statute[3] allowed suit wherever the offender could be served. The present statute was intended to narrow or restrict this venue.

In considering the present venue statute, the United States Supreme Court in Schnell v. Peter Eckrich & Sons, Inc., 365 U.S. 260, 81 S.Ct. 557, 5 L.Ed.2d 546 (1961), refused to give the same a liberal construction with this language:

"The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction."

The Court in Schnell went on to state the purpose of the special venue statute:

"As is pointed out in the cases, Congress adopted the predecessor to § 1400(b) as a special venue statute in patent infringement actions to elim-

3. Section 48 of the Judicial Code of 1911.

inate the 'abuses engendered' by previous venue provisions allowing such suits to be brought in any district in which the defendant could be served."

In Morse v. Master Specialties Co., 239 F.Supp. 641 (D.C.N.J.1964), the Court discussed the purpose of the present special patent venue statute as follows:

"The Congress has sought to lay the venue in the area where the defendant resides or has a regular and established place of business so as to facilitate the production and investigation of books, records and other data necessary to the discovery and trial technique employed in the patent field."

In Ruth v. Eagle-Picher Company, supra, it was held:

"The patent venue statute, as construed in Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026, reflected a sound policy of long standing. It was based on considerations of practicality and convenience in such litigation. A patent infringement action involves a peculiar combination of science or technology and law. In the ascertainment of the pertinent technical facts, it is important that the trial judge have first-hand visual and audible knowledge of the conditions, the environment and the art itself and the testimony of the most competent witnesses. Practicality and convenience are best served when the case is prosecuted where the alleged acts of infringement occurred and the defendant has a regular and established place of business.

An intention on the part of Congress to depart from that policy should not be lightly inferred."

■ It is therefore concluded that for the special purpose of patent infringement venue, the OCT Division office of the defendant in this judicial district, which Division and office has absolutely nothing to do with the accused valve or its manufacture, sale, service or distribution here or anywhere else, will not satisfy the requirement of said special patent venue statute that the defendant have "a regular and established place of business" in this judicial district. It is the opinion of the Court that there must be some reasonable or significant relationship between the accused item and any regular and established place of business of the accused in the judicial district.

■ Accordingly, the defendant's Motion to Dismiss for lack of venue is well taken and this suit must be dismissed or, by the authority of 28 U.S.C. § 1406(a), be transferred to the United States District Court for the Southern District of Texas, Houston Division. Since this suit was instituted in this Court, the defendant has brought a declaratory judgment action covering the same subject matter in the United States District Court for the Southern District of Texas, Houston Division. It is believed that the interest of justice requires that this case be transferred to the United States District Court for the Southern District of Texas, Houston Division, where a consolidation may be effected and the matter heard and decided. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); E. H. Sheldon & Company v. Norbute Corporation, supra.

It is therefore ordered that this case be transferred to the United States District Court for the Southern District of Texas, Houston Division, and that the Clerk of this Court take the necessary action to accomplish the transfer.