**Preston G. GADDIS, Plaintiff,**

v.

**CALGON CORPORATION, Defendant.**

**Civ. A. No. CA–3–3399–D.**

United States District Court,
N. D. Texas,
Dallas Division.

March 17, 1971.

V. Bryan Medlock, Jr., Richards, Harris & Hubbard, Dallas, Tex., for plaintiff.

Stanley E. Neely, Locke, Purnell, Boren, Laney & Neely, Dallas, Tex., Eugene F. Buell, Blenko, Leonard & Buell, William L. Krayer, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

HILL, District Judge.

This is a suit for patent infringement brought by Preston G. Gaddis, a resident of Oklahoma, against Calgon Corporation, a resident of Pennsylvania. Calgon has moved to dismiss for lack of venue.

Venue in this case is based on 28 U.S.C. § 1400(b), which provides

Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Venue may not be based on the first provision of the statute because it is conceded that defendant Calgon does not "reside" in the Northern District of Texas. To establish venue, plaintiff must satisfy the two requirements of the second provision of the statute. Both parties agree that the alleged "acts of infringement" involved in this suit occurred in the Northern District of Texas; the sole issue in dispute is whether Calgon has a "regular and established place of business" in this District.

The "regular and established place of business" standard is more onerous than the ordinary "doing business" venue statute of 28 U.S.C. § 1391(c). In passing the patent venue statute, Congress apparently sought to facilitate the production and investigation of books, records and other data involved in patent suits. It felt this could best be accomplished by trying patent cases either where a defendant resides or where a defendant's activities are such that its books, records and other data would likely be available, that is, at a "regular and established place of business" of a defendant. Morse v. Master Specialties Co., 239 F.Supp. 641 (D.C. N.J.1964). Because patent infringement actions often involve a peculiar combination of science or technology and law, it is essential that a court have first-hand knowledge of the facts. Ruth v. Eagle-Picher Co., 225 F.2d 572 (10th Cir. 1955).

Three divisions of Calgon are located in the Northern District of Texas, but only the Water Management Division is responsible for the alleged infringement. Because of the special purpose of the patent venue statute, this Court agrees with the District Court in Scaramucci v. FMC Corp., 258 F.Supp. 598 (W.D. Okla.1966), that venue must be proved as to that division accused of patent infringement. The inquiry in this case is thus limited to whether the Water Management Division of Calgon has a "regular and established place of business" within the Northern District of Texas.

The Water Management Division maintains two salesmen in the Northern District. Both salesmen are salaried and are furnished automobiles by Calgon. One of the salesmen works out of his own home; the other works from office space leased for him by the defendant. The salesman working from an office uses a business card with both Dallas and Houston addresses of the Water Management Division. All orders solicited by both salesmen are forwarded to the Division's district office in Houston, within the Southern District of Texas. The Water Management Division is listed in the white and yellow pages of the Dallas telephone directory. However, the Division maintains no bank accounts, files, inventory, or other salaried personnel in the Northern District.

Whether venue is proper must be determined from the facts of each case. This Court is of the opinion that the Water Management Division's activities within the Northern District of Texas do not establish a "regular and established place of business" as contemplated by § 1400(b). The Court feels

that the facts in this case more closely correspond to those in American Cynamid Co. v. Nopco Chemical Co., 388 F.2d 818 (4th Cir. 1968); Knapp-Monarch Co. v. Casco Products Corp., et al., 342 F.2d 622 (7th Cir. 1965); General Radio Co. v. Superior Electric Company, 293 F.2d 949 (1st Cir. 1961); and Scaramucci v. FMC Corp., 258 F.Supp. 598 (W.D.Oklahoma 1966), than to facts in Shelton v. Schwartz, 131 F.2d 805 (7th Cir. 1942), cited by plaintiff.

Defendant's Motion to Dismiss for Lack of Venue is sustained and an appropriate order shall be entered by the Court.