**LEX TEX LTD., Inc., Plaintiff,**

v.

**AILEEN, INC. (Aileen Sportswear), Defendant.**

**Civ. No. 71-85.**

United States District Court,
S. D. Florida.

May 10, 1971.

Smathers & Thompson, Miami, Fla., for plaintiff.

Darby & Darby, New York City, Heiman & Crary, Miami, Fla., for defendant.

## ORDER GRANTING MOTION TO DISMISS

KING, District Judge.

This action was brought upon a claim of patent infringement, the Court's jurisdiction resting upon 35 U.S.C. § 281 and 28 U.S.C. § 1338. Plaintiffs contend that Defendant Aileen, Inc., by making and selling textile fabrics from yarn processed on certain named machines, violates the rights of Plaintiff Lex Tex Ltd., Inc. under certain letters patent which it has been assigned. Defendant has moved to dismiss upon several grounds. We find the question of venue to be dispositive.

### FINDINGS OF FACT AND LAW

Venue in a suit for patent infringement is governed exclusively by 28 U.S.C. § 1400(b), Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), which reads as follows:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Regarding corporations, the word "resides" is not to be given the broad definition contained in the general venue statute 28 U.S.C. § 1391(c), but means only the place of incorporation. *Id.* It is not disputed that Defendant is incorporated only in New York, therefore in order for venue to lie in this District it must be shown that Aileen has committed acts of infringement in this District and that it has a regular and established place of business here.

In determining whether Aileen has the requisite place of business in this District we consider the following. Aileen Inc., is a manufacturer of clothing for women, girls and children which is incorporated and has its business of-

fices in New York and does most of its manufacturing in Virginia and Texas. Gross sales for 1970 were approximately $60,000,000. Aileen does no manufacturing in Florida, nor does it have any warehousing facilities or own or occupy any real estate in Florida. Aileen has not qualified to do business in the state, and has not appointed an agent for service of process. It maintains no bank account in Florida and none of its officers or directors either reside or work in the state.

Defendant's sole contact with the state of Florida is through four sales representatives who reside in Florida and one who resides in another state and covers a small portion of Florida. Each representative is supplied with Aileen sample goods which he displays to customers. If an order is placed it is written on a standard Aileen form which in three conspicuous places refers to the fact that the order is subject to acceptance by Aileen at its offices in New York City. The order is then forwarded to New York for acceptance. Upon approval and acceptance of the order, the goods are shipped from points outside Florida directly to the purchaser. All billing and payment is done between the New York office and the customer. Compensation of the representative is made exclusively by a commission based upon the amount of goods delivered. The representative has no authority to bind the corporation.

■ Plaintiff bases its allegation of venue primarily upon the activities in this District of Jack L. Fried, one of Aileen's Florida sales representatives. Fried and Aileen have a contract wherein Fried is the exclusive representative of Aileen in this District and Fried is precluded from handling products of another. This contract is terminable at any time upon written notice of either party. Fried leases and maintains in his own name a showroom in the Miami International Merchandise Mart. This is done without any obligation to or reimbursement from Aileen. Part of

Fried's display activities are conducted in the showroom, while other displays are conducted in his home and in the establishments of customers. The glass doors of the showroom contain the name of Aileen and the name Jack L. Fried appears prominently above the doors. Aileen's name appears in the Miami telephone directory under a listing paid for by Fried and placed without the consent of Aileen. Aileen supplies Fried with business cards, envelopes, and stationery containing Aileen's name.

One customer of Aileen, Jackson's Byrons has used its own order form which does not contain the conditional acceptance language. However, the customer, by having been previously given Aileen's order forms and through custom and usage in the trade understood that these orders were conditional.

Gross sales attributable to Fried for January, 1971 amounted to $80,488.65. (In addition to the forwarding of orders Fried makes sales of approximately $7,000 per year of samples to which he has title). On occasion he will be contacted for assistance by a customer who has received a defective product.

■ In determining whether the foregoing comprises a "regular and established place of business" we are mindful of the Supreme Court's admonition that "The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." Schnell v. Peter Eckrich and Sons, Inc., 365 U.S. 260, 264, 81 S.Ct. 557, 560, 5 L.Ed.2d 546, citing with approval its holding in Olberding v. Illinois Central Railroad Co., 346 U.S. 338, 340, 74 S.Ct. 83, 85, 98 L.Ed. 39. A mere showing of "doing business" is insufficient in that the Defendant must have a permanent place of business in the District. Phillips v. Baker, 121 F.2d 752 (9 Cir. 1941).

Plaintiffs, in support of venue, call to the Court's attention Ruddies v. Auburn Spark Plug Co., 261 F.Supp. 648 (S.D.

N.Y.1966). Although the Court in *Ruddies* listed numerous factors relevant to a determination of venue, it is apparent from its holding that certain material elements absent there are also lacking in this case. "But here, because of the absence of its own office, employees and products in the district, (the Defendant) clearly lacks a regular and established place of business." The Court goes on to observe that "it would thwart Congressional purpose if [Defendant corporation and its sales representative] were treated as one for the sole purpose of bringing into a district, to defend a patent infringement suit, a corporation whose records, operations, offices and employees are located elsewhere. Technograph Printed Circuits, Ltd. v. Epsco, Inc., 224 F.Supp. 260, 265 (E.D.Pa. 1963)" Id. at 655.

We find that the facts of this case are substantially the same as those in Kay v. J. F. D. Mfg. Co., 261 F.2d 95 (5 Cir. 1959) wherein this circuit held that venue did not lie. In *Kay* the local selling representative in Atlanta had no power to bind Defendant and orders were forwarded to the Defendant's New York office for acceptance or rejection. Shipments and payments were conducted directly between the Defendant and the customer. The representative was compensated solely on a commission basis; he maintained an office in his own name and expense and did not carry a stock of the Defendant's product.

Although this case differs from Kay in several respects, including the appearance of the Defendant's name in the telephone directory, and on the representative's door, we do not feel that the differences will support a finding of a regular and established place of business. The fact remains that the showroom is maintained by Fried in his own name and at his own expense. His contract with Aileen is terminable by him at any time and he would then be free to use the showroom for purposes unrelated to Aileen. There are no salaried employees of Aileen working in the showroom or elsewhere in this District. Sales are not consummated in this District but at Defendant's office in New York.

In Endrezze v. Dorr Co., Inc., 97 F.2d 46 (9 Cir. 1938), cited by the Court in Kay, supra, it was found that venue was lacking where the same type of sales procedure was followed even though these activities were conducted from a sales office maintained by the Defendant and staffed by three of its salaried employees. See also Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S. Ct. 458, 59 L.Ed. 808 (1915); Wilson v. McKinney Mfg. Co., 59 F.2d 332 (9 Cir. 1932); Knapp-Monarch Co. v. Casco Products Corp., 342 F.2d 622 (7 Cir. 1965) cert. den. 382 U.S. 828, 86 S.Ct. 64, 15 L.Ed.2d 73; Mastantuono v. Jacobsen Manufacturing Co., 184 F.Supp. 178 (S.D.N.Y.1960).

The Court finds that the Defendant Aileen, Inc. does not have in this District a regular and established place of business which would satisfy the prerequisite for venue in a civil action for patent infringement. Having found venue to be defective on this basis it is unnecessary for this court to take up the question of whether an act of infringement has been committed in this District. Therefore it is,

Ordered and adjudged that the motion to dismiss is granted without prejudice to the Plaintiff to bring action in a District where proper venue lies.