**Preston G. GADDIS, Plaintiff-Appellant,**

**v.**

**CALGON CORPORATION, Defendant-Appellee.**

**No. 71-1825.**

United States Court of Appeals,
Fifth Circuit.

Nov. 2, 1971.

V. Bryan Medlock, Jr., Richards, Harris & Hubbard, Dallas, Tex., for plaintiff-appellant.

Stanley E. Neely, Dallas, Tex., Eugene F. Buell, Blenko, Leonard & Buell, Pittsburgh, Pa., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and TUTTLE and INGRAHAM, Circuit Judges.

TUTTLE, Circuit Judge:

This is an appeal from the order of the trial court, D.C., 325 F.Supp. 16, dismissing a patent infringement suit as having been brought in the wrong place under the applicable patent suit venue statute, 28 U.S.C.A. § 1400(b). This section provides:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

The trial court, notwithstanding the plain language of the statute providing that venue could be laid where the *Defendant*—here the Calgon Corporation—has a regular and established place of business, held that venue depended, rather on whether the particular "Division" of the company which the Defendant says was "responsible for the alleged infringement" had such "regular and established place of business" within the Northern District of Texas.

■ Such a re-writing of the statute, plain on its face, is an example of law-making as distinguished from statutory interpretation that is beyond the power of the courts. We reverse.

The trial court achieved this result by accepting as authority an Oklahoma District Court decision, Scaramucci v. FMC Corporation (W.D.Okl., 1966) 258 F. Supp. 598 which said baldly:

" * * * this is a special patent venue statute and a consideration of the history of patent venue, this statute, its predecessor statute and the apparent purpose and intent of the present statute, leads the Court to the conclusion that this requirement is lacking in this case *notwithstanding the defendant has another Division*

with a regular and established place of business in this judicial district." (emphasis added.)

The Oklahoma Court then adverted to the Supreme Court decision in Schnell v. Peter Eckrich and Sons, Inc, 365 U.S. 260, 81 S.Ct. 557, 5 L.Ed.2d 546 in which it was said:

"The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction."

■ In spite of this clear statement by the Supreme Court that the statute is "specific and unambiguous," and that, there being no "overruling policy", is to be construed according to the ordinary meaning of the terms, the Oklahoma Court and the trial court here found precisely such "overriding policy" by stating "because of the *special purpose* of the patent venue statute[1] * * * venue must be proved" by showing something not remotely discernible from the "unambiguous" statute, i. e. that something spoken of as a "division" of the Defendant be proved to be present in the district.

Here it is agreed to by all that the alleged acts of infringement occurred in the Northern District of Texas. Proof is clear that, as the trial court found, "three divisions of Calgon *are located in the * * * District*," (emphasis added) including the Water Management Division, the Division which Defendant says is the alleged infringer. We know of no fairer way to point up the facts relative to Calgon's regular and established place of business than to quote from the assumptions stated by Calgon in its own brief which leads to its conclusion that venue does not lie there.

"The requirement for a regular and established place of business is not established *merely because the defend-*

1. Such purpose is suggested by reference to the legislative history. Such history as has been cited to us indicates no such special purpose as is found by the trial court.

*ant Corporation has another Division with a regular and established place of business* in this judicial district, (emphasis added) Scaramucci v. FMC Corporation, (D.C.W.D.Oklahoma, 1966) 258 F.Supp. 598, 601. The fact that Calgon Corporation is authorized to do business in Texas is not controlling and will not satisfy the requirement, Scaramucci v. FMC Corporation, supra, E. H. Shelton [Sheldon] & Company v. Norbute Corporation, (E. D.Pa., 1964) 228 F.Supp. 245, Endrezze v. Dorr Co., (C.A.9, 1938) 97 F.2d 46. Neither does the fact that Calgon Corporation carries listings in the Dallas telephone directory established that defendant has a regular and established place of business in the district within the patent infringement venue statute, Knapp-Monarch Co. v. Casco Products Corp., (C. A.7, 1965) 342 F.2d 622, 625, nor does the fact that Calgon maintains sales representatives and has its name on a building directory where the sales representative has his office Knapp-Monarch Co. v. Casco Products Corp., supra; Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L. Ed. 808; General Radio Company v. Superior Electric Company, (C.A.1, 1961) 293 F.2d 949.

The fact that Calgon Corporation maintains an inventory of products for its Commercial and its Consumer Products Divisions in the Northern District of Texas and fills orders for products of those two divisions does not satisfy the venue requirements of [28] U.S.C. 1400(b) as respects the Water Management Division Scaramucci v. FMC Corporation, supra."

Thus it is conceded that "the defendant corporation has another Division with a *regular and established place of business*" within the District; that it is authorized to do business in Texas; that it carries listings in the Dallas telephone directory (documentary evidence shows three such listings, including one for the Water Management Division); that it has sales representatives and has an office with Calgon's name on the building directory; and finally that it maintains an inventory of products (of other "divisions") and fills orders for these products (from the inventory).

It will be noted that the argument runs that no *one* of these facts is sufficient to establish venue. No authority is offered for the proposition that they do not, altogether, add up to enough to establish venue, even under the theory advanced in Scaramucci, supra.

Here the Water Management Division itself had two employees and an office used by one of them, bearing the name of the defendant company, and listed under the Division designation in the Dallas telephone book.

We conclude that the trial court erred in requiring a showing that the particular *division* charged with the infringements had a regular and established place of business present in the District, as being more than required by the venue statute. Further we find the trial court's finding clearly erroneous when it concluded that the Water Development Division did not have a regular and established place of business in Dallas.

The judgment is reversed and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.