Joseph S. CHOAT, Plaintiff,

v.

ROME INDUSTRIES, INC., a corporation, John Deere Company, a corporation, Caterpillar Tractor Company, Inc., a corporation, Carroll Mullen, individually and as president of Rome Industries, Inc., ABC Company, Inc., a corporation, being that company d/b/a Rome Industries, Inc., a corporation, during all time pertinent hereto EFG Company, Inc., a corporation, Defendants.

Civ. A. No. C77–78R.

United States District Court, N. D. Georgia, Rome Division.

March 12, 1979.

R. B. Jones, Jones & Monroe, Birmingham, Ala., Ronald G. Shedd, Rome, Ga., for plaintiff.

John S. Foster, Wing, Bibb, Foster & Conwell, Birmingham, Ala., William J. Ormsby, Jr., and Edward T. Newton, Atlanta, Ga., Theodore R. Scott, McDougall, Hersh & Scott, Chicago, Ill., for defendants.

## ORDER

HAROLD L. MURPHY, District Judge.

This action arises out of the alleged infringement by the defendants of certain patents issued to the plaintiff on a tree shear developed by him. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1338 and 1400(b). Presently pending before the Court are various motions by the parties.

1. Affecting all the issues now pending will be this Court's determination of defendant Rome Industries, Inc.'s ("Rome") motion for summary judgment or in the alternative a separate trial. The defendant has requested an oral hearing on its motion for summary judgment. The evidence now before the Court is extensive and well prepared. A hearing will therefore provide little aid for the Court and defendant's request is denied.

The motion for summary judgment is based on the defendant's claim that the patent, allegedly infringed upon, is invalid on the ground of anticipation provided for in 35 U.S.C. § 102(a) and (b). These subsections provide that:

A person shall be entitled to a patent unless—

(a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States, or

. . . . .

Two developments allegedly anticipated plaintiff's patent and thereby invalidated it. According to the defendant's memorandum in support of its motion:

(1) a tree cutting device called the "GARPHAND" or "GARPFIST" was developed, reduced to practice, successfully used and described in printed publications in Sweden prior to the alleged invention by plaintiff of the tree cutting device claimed in U. S. Patent No. 3,493,020, the patent-in-suit, and that under 35 U.S.C. 102(a) the GARPHAND tree shear disclosed and described in the prior Swedish publications anticipates plaintiff's claimed invention thereby making plaintiff's patent-in-suit invalid as a matter of law; and,

(2) a tree cutting device was patented in Russia and described in a printed publication both prior to plaintiff's date of invention and more than one year prior to the date of the application by plaintiff which matured into U. S. Patent No. 3,493,020, the patent-in-suit, and that under 35 U.S.C. 102(a) and (b) such Russian patent, namely Russian Patent No. 163,-836, anticipates plaintiff's claimed invention thereby making plaintiff's patent-in-suit invalid as a matter of law.

Exhibits filed with the defendant's motion amply support its contentions in regard to the existence of printed publications concerning the development and use of the *Garphand* or *Garpfist.* The evidence also documents the existence of a Russian patent on a tree cutting device similar to the one contained in the plaintiff's patent.

■ The existence of a foreign patent or foreign publications describing a device similar to plaintiff's tree shear does not resolve the issue before the Court. At the outset the Court notes that summary judgment should be granted in patent cases only with great caution and when there are no genuine issues of material fact. *Butler v. Helms,* 550 F.2d 954 (4th Cir. 1977). The granting of summary judgment on grounds of anticipation is especially rare. "Anticipation, like infringement, involves questions of equivalence and is an inquiry requiring a factual determination." *Inglett & Co. v. Everglades Fertilizer Co.,* 255 F.2d 342, 345 (5th Cir. 1958); *Allen-Bradley Company v. Air Reduction Company,* 273 F.Supp. 930 (W.D.Pa.1967).

■ Mere similarity between plaintiff's tree shear and that described in the Swedish publications or the Russian patent is not sufficient to invalidate the plaintiff's patent. "A prior printed publication to defeat a patent must describe the invention in such full, clear and exact terms as to enable any person skilled in the art to which it relates to practice the invention. Such description must exhibit a substantial representation of the patented invention. It must be in such full, clear and exact terms as to enable one skilled in the art to practice the patented improvement without the exercise of inventive skill of his own and without assistance from the patent claimed to have been anticipated." 1 Deller's Walker on Patents § 60, at 277 (2d ed. 1964) (citations omitted); *Bros Incorporated v. W. E. Grace Manufacturing Company,* 351 F.2d 208 (5th Cir. 1965); *Ballantyne Instruments & Electronics Inc. v. Wagner,* 345 F.2d 671 (6th Cir. 1965). This standard has been applied to foreign as well as domestic publications. See, *Collins v. Owen,* 310 F.2d 884 (8th Cir. 1962).

The Swedish publications proffered by the defendant contain general descriptions of the tree shear and its application. It does not contain sufficient specifications or technical data for this Court to hold, as a matter of law, that a person skilled in the art could, "practice the invention" from the descriptions of the articles. The Court must view, "the publication as we would a prior patent since the 'same rules as to sufficiency of the description in a patent apply to a printed publication in order to constitute it an anticipation.' " *Bros Incorporated,* 351 F.2d at 212, citing 1 Deller's Walker on Patents § 60 at 280 (2d ed. 1964).

The Russian patent, while technical in nature, is simplistic relative to the patent issued to the plaintiff. Further as the plaintiff points out, the Russian device lacks the ability to engage and cut a felled tree in a horizontal position. The Court cannot determine, as a matter of law, that the publications presented by the defendants either singly or taken together antici-

pate the plaintiff's patented tree shear. Such a determination must be left for the fact finder and is inappropriate for disposition on a motion for summary judgment.

■ 2. Arguing in the alternative, the defendant moves for a separate trial on the issue of anticipation. The defendant argues that a separate trial on the anticipation issue would not be lengthy, involve inquiry into the other issues in this action, nor require substantial duplication of proof if another trial is required. The defendant argues that the present circumstances satisfy the three criteria for a separate trial set out in *Cataphote Corporation v. DeSoto Chemical Coatings, Inc.*, 235 F.Supp. 931 (N.D.Cal.1964) and adopted by this Court in *Ludlow Corp. v. Textile Rubber & Chemical Co., Inc.*, 77 F.R.D. 752 (N.D.Ga.1978). The three criteria established in *Cataphote* are: (1) the movant must make a prima facie showing of success (2) success by the movant would save time by eliminating the necessity for resolution of more complex issues and (3) further delay will not prejudice the non-moving party.

Separate trials are permitted in the interest of convenience, to avoid prejudice or where a separate trial is "conducive to expedition and economy." Rule 42(b), Fed.R. Civ.P. However, "the normal law suit seldom requires a separate trial of the issues." *Swofford v. B & W, Incorporated*, 336 F.2d 406, 415 (5th Cir. 1964). Because of the danger of delay and duplication of effort the Court must exercise caution in granting a separate trial. In *Ludlow* all parties agreed that anticipation was the single most important issue in the action. In the present case, anticipation is only one of several significant defenses raised. The Court fears that if this case is not decided on the anticipation defense, much duplication of proof will be required to support the other defenses raised such as obviousness and fraud on the patent office. Because the Court is not convinced that a separate trial will be an efficient use of the parties' or the Court's time and effort, the motion for a separate trial must be denied.

■ 3. Pursuant to Rule 39(a)(2), of the Federal Rules of Civil Procedure the defendant has moved to strike plaintiff's demand for a jury trial. The defendant contends that although an action for patent infringement is traditionally legal, the nature of relief requested by the plaintiff as well as the complexity of the issues presented by this action argue against the granting of a jury trial.

It has generally been recognized that the right to a jury trial in a patent infringement action depends on whether the form of the action is legal or equitable. *Kennedy v. Lakso*, 414 F.2d 1249 (3d Cir. 1969). This in turn depends in large part on whether the relief requested is legal or equitable in nature. The plaintiff here is seeking an injunction, assessment of interest, costs and attorneys' fees, and treble damages, all remedies which are equitable in nature. In addition he seeks an accounting for all damages due from the defendant. The relief requested by the plaintiff is very similar to that sought by the complainant in *Dairy Queen v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), a case involving trademark infringement. Although the *Dairy Queen* plaintiff sought permanent injunctive relief and an accounting of monetary damages, the Supreme Court held that the claim was legal in nature. The Court stated that a claim for money damages was a legal one whether characterized as a contract claim or a trademark infringement claim. "Under the reasoning of *Dairy Queen*, because the claim for money judgment is legal in nature, the right to a jury trial on that claim is not lost by combining it with a claim for injunctive relief." *Tights, Inc. v. Stanley*, 441 F.2d 336, 343–344 (4th Cir. 1971); *Swofford v. B & W, Inc.*, 336 F.2d 406 (5th Cir. 1964). The present action, then must be considered as legal in nature.

The complexity of this action is not sufficient to invoke the equity jurisdiction of the Court as to legal issues. While the disputed patent certainly involves a complex mechanical device there are no abstract scientific theories or chemical compounds to confuse the jury. There is support for defend-

ant's argument that the practical limitations of a jury weigh against its use in patent litigation. While the Court recognizes the validity of this argument for especially complex patent litigation, it is not convinced of its applicability to the present action. The workings and abilities of the tree shear may be demonstrated to and understood by the average juror.

Although the present litigation is complex and the plaintiff does request a substantial amount of equitable relief, the action must be considered a legal one. In an action at law for patent infringement the jury decides the question of validity. *Swofford v. B & W, Incorporated*, 336 F.2d 406, 411 (5th Cir. 1964); *Tights, Inc. v. Stanley*, 441 F.2d 336 (4th Cir. 1971). The defendant's motion to strike the plaintiff's demand for jury trial must be denied.

■ 4. Defendant John Deere Company, Inc. ("Deere") has moved, pursuant to Rule 12(b)(3), Fed.R.Civ.P., to dismiss this action as to it for improper venue. Venue in a patent infringement action is governed by 28 U.S.C. § 1400(b). *Fourco Glass Co. v. Transmirra Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); *Kay v. J. F. D. Mfg. Co., Inc.*, 261 F.2d 95 (5th Cir. 1958). Section 1400(b) states:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Deere contends that the Northern District of Georgia satisfies neither of the conditions required by the code section.

Deere does not meet the first alternative of section 1400(b) because it is a resident of the State of Delaware, as shown by exhibits attached to its motion. The residence of a corporation, for the purposes of the patent infringement venue provision is the place of incorporation. *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 707 n. 2, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972). The liberal definition of corporate residence found in 28 U.S.C. § 1391(a) does not apply to patent infringement actions.

*Id.*; *Lex Tex Limited v. Aileen Inc.*, 326 F.Supp. 485 (S.D.Fla.1971).

While Deere does have a regular and established place of business in the Northern District of Georgia the second alternative of the venue statute is not satisfied unless Deere has committed acts of infringement within the district. Affidavits attached to the defendant's motion indicate that Deere has neither manufactured nor sold any product nor conducted itself in any way in this district which might infringe upon the plaintiff's patent. A finding of lack of venue on the present facts does not contradict the holding in *Gaddis v. Calgon Corporation*, 449 F.2d 1318 (5th Cir. 1971). That case apparently held that the particular division of the infringing corporation need not have a "regular and established place of business in the district". However, in *Gaddis* it was conceded that the alleged acts of infringement occurred in the district where the defendant corporation did have a regular and established place of business. There are no allegations or evidence in the present case that any infringing acts were performed by Deere in this district.

■ The plaintiff, by way of response, contends that Deere waived its venue objection in its memorandum of March 16, 1978. That memorandum concerned reconsideration of a dismissal order based on lack of proper service. There is no support in fact or law for plaintiff's contentions as to waiver.

■ Defendant Deere has moved to amend its answer to assert its defense of improper venue. Leave to amend is freely given. Rule 15, Fed.R.Civ.P.; *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Deere's motion for leave to amend as well as its motion to dismiss for improper venue are granted.

■ 5. The plaintiff has moved for an order compelling production of the articles described in Request No. 2(b) of plaintiff's Request for Production dated October 6, 1978. This request states as follows:

2. That defendant produce and permit plaintiff to inspect and photograph each of the following objects   .   .   .

(b) Each different type of tree shear which has been or is being sold by the defendant.

The defendant has objected arguing that the request is too broad as to time and seeks proprietary information.  The request seeks only those tree shears *sold* by the defendant.  No secret information will be released by plaintiff's inspection of products freely available to the public.  The defendant is ordered to produce for inspection each type of tree shear it has sold since February 3, 1970, the date on which plaintiff was issued his patent.

6.  The defendant seeks an extension of discovery until February 5, 1979.  That time having already passed the Court will grant an extension of discovery until April 16, 1979.

7.  The plaintiff's request for an extension of time to respond to defendant's motion is now moot.  All of plaintiff's responses have been considered by the Court.

Accordingly, the defendant Rome's motion for summary judgment or in the alternative for a separate trial is DENIED.  The defendant Rome's motion to strike the plaintiff's demand for a jury trial is DENIED.  Defendant John Deere's motions to amend and to dismiss are GRANTED.  The plaintiff's motion to compel is GRANTED.  The defendant's request for extension of discovery is GRANTED.  Discovery is extended until April 16, 1979.

SO ORDERED, this the 12th day of March, 1979.